## ROBINSON v. KELLUM.

An action on the case will not lie for improperly suing out an injunction, unless it is charged in the declaration as an abuse of the process of Court through malice and without probable cause.

If the act complained of is destitute of these elements, the remedy of the injured party is on the appeal bond.

APPEAL from the District Court of the Fifth Judicial District, County of Amador.

This was an action on the case to recover $2000 damages for wrongfully suing out an injunction in an action in which final judgment was entered against the plaintiff in that action, defendant herein. It is not averred in the complaint that the injunction was sued out through malice or without probable cause.

The defendant, in his answer, excepts to the complaint as not setting forth facts sufficient to constitute a cause of action, and denies, etc.

The case was tried before a jury, who found a verdict for plaintiff for $300. Judgment was entered accordingly, and defendant appealed.

*Robinson, Beatty & Botts* for Appellant.

The use of legal process is no ground of action. Costs are the remuneration of the successful party. In certain judicial writs, issued *ex parte*, statutes require bond for damages. The remedy, then, is on such bond. For malicious injury arising from legal process, an action on the case lies for malicious prosecution, but the malice is the very gist of the action, and must be alleged and proven. On this point, the books are full of authorities: one of the cases most in point is Lindsay *v.* Lamee, 17 Massachusetts Rep., p. 189. In that case, the suit was brought to recover damages sustained by reason of an attachment issued on second suit, another pending for the same cause, the second attachment having been quashed on that ground. The Court say that the action cannot be maintained—that there is no allegation of malice, and that, except an old and imperfectly reported case in Massachusetts, no case can be found in England or America where an action for damages, arising from the process of a Court, has ever been sustained, unless upon the ground that it was malicious and vexatious.

When the statute requires an undertaking or bond as a pre-requisite to the issuance of a writ to pay all damages that may arise to the defendant, it is in derogation of the common law, and the defendant can only seek that remedy which the statute gives.

No brief on file for Respondent.

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Chief Justice MURRAY concurred.

An action on the case will not lie for improperly suing out an injunction, unless it is charged in the declaration as an abuse of the process of the Court through malice, and without probable cause. If the act complained of is destitute of these ingredients, then the only remedy of the injured party is an action upon the injunction bond, which is specially provided by the statute as a protection against injury, even without malice.

The judgment is reversed, and the cause remanded.