[No. 4236.]

WILLIAM KING v. W. W. MONTGOMERY.

DAMAGES FOR SUING OUT ATTACHMENT.—In an action for damages for maliciously suing out a writ of attachment, and causing the same to be levied on the property of the plaintiff, the complaint must aver that the writ was sued out and prosecuted without probable cause.

DISMISSAL OF ACTION.—When a cause is called for trial, the action may be dismissed on motion of the defendant if the complaint does not contain a cause of action, and the plaintiff declines to amend.

APPEAL from the District Court, Sixth Judicial District, County of Yolo.

The complaint averred that the defendant, Montgomery, sued the plaintiff, King, and one Enoch Dobbs, in Justice's Court, for $270, and recovered judgment, and that the plaintiff King appealed to the County Court, where judgment was rendered in his favor. That the plaintiff in said action maliciously caused a writ of attachment to issue and to be levied on the property of the defendant therein, and that the

property remained in the hands of the sheriff a long time, by means whereof the plaintiff here sustained damages. The defendant answered.

When the cause was called for trial the defendant moved the court to dismiss the action because the complaint did not state facts sufficient to constitute a cause of action. The court sustained the motion, the plaintiff having declined to amend the complaint. The plaintiff appealed.

*S. G. Harper, John Lambert and Creed Haymond,* for the Respondent.

The complaint was sufficient and the motion should have been denied. (1 Saunders on Pl. and Ev. 338; 1 Van Santvoord's Pl. 282, 289, 292; 1 Chitty's Pl. 129, 388; *De Witt* v. *Hays,* 2 Cal. 468; *Jones* v. *The Cortes,* 17 Cal. 487; Code Civil Proc., Sec. 426; *Closson* v. *Staples,* 1 Am. R. 316; *Mc-Cormack* v. *Sisson,* 7 Conn. 715; *Pangburn* v. *Bull,* 1 Wend. 345; *Buckley* v. *Kiteltas,* 2 Seld. 384; *Buck* v. *Colbuth,* 7 Minn. 310; 8 Ohio St. 548 ; *Tomlinson* v. *Sperry,* 9 Ohio, 103; 2 Greenl. Ev., Sec. 452; *Frankel* v. *Stern,* 44 Cal. 172.)

*Armstrong & Hinkson,* for the Respondent.

There is no allegation of want of probable cause in any part of the complaint. (*Levy* v. *Brannan,* 39 Cal. 488; *Grant* v. *Moore,* 29 Cal. 647; *Ellis* v. *Thilman,* 3 Call, 3; *Young* v. *Gregorie,* 3 Call, 446; *Davis* v. *Clough,* 8 N. H. 157; *Maddox* v. *McGinnis,* 7 Mon. 371; *Smith* v. *Story,* 4 Humph. 169; *Lindsay* v. *Larned,* 17 Mass. 193.)

By the Court, NILES, J. :

The complaint contained no averment that the action against Dobbs and King was commenced, or the writ of attachment sued out and prosecuted, without probable cause. In this the complaint was clearly insufficient, and the plaintiff declining to amend, the motion to dismiss was properly granted.

Judgment affirmed.