## STEWART *v.* SONNEBORN.

1. To sustain an action for malicious prosecution, the failure of the proceedings against the plaintiff must be averred and proved; but such failure is not evidence of the defendant's malice or want of probable cause in instituting them.

2. Malice, the existence of which is a question exclusively for the jury, and want of probable cause must both concur to entitle the plaintiff to recover; and although the jury may infer malice from the want of probable cause, proof even of express malice will not justify the inference that probable cause did not exist.

3. The question as to what amounts to probable cause is one of law in a very important sense. It is, therefore, generally the duty of the court, when evidence has been given to prove or disprove the existence of probable cause, to submit to the jury its credibility, and what facts it proves, with instructions that the facts found amount to proof of probable cause, or that they do not.

4. A seeming exception to this rule may grow out of the nature of the evidence, as when the defendant's belief of the facts which are relied on by the plaintiff to prove want of probable cause is a question involved. What that belief was is always a question for the jury.

5. In an action by A. to recover damages for the alleged wrongful and malicious institution of proceedings in bankruptcy against him, by B. & Co., the defendants asked the court to charge, that if the jury believed from the evidence that they, in prosecuting an action of debt against him, had acted on the advice of counsel, and upon such advice had an honest belief in the validity of the debt sued for and of their right to recover it; and in the institution of the bankruptcy proceedings had acted likewise on such advice, and under an honest belief that they were taking and using only such remedies as the law provided for the collection of what they believed to be a *bona fide* debt, they having first given a full statement of the facts of the case to counsel, — then there was not such malice in the wrongful use of legal proceedings by them as would entitle A. to recover. The court declined so to charge. *Held,* 1. That the instruction should have been given. 2. That the facts therein stated constituted in law a probable cause, and being such, the existence of malice, if such there was, would not entitle the plaintiff to recover.

6. The jury, if they find for the plaintiff, cannot, in estimating his damages, consider the fees of counsel in prosecuting the suit.

ERROR to the Circuit Court of the United States for the Middle District of Alabama.

This was an action brought by Meyer Sonneborn, the plaintiff below, against A. T. Stewart & Co., to recover damages for an alleged wrongful and malicious institution of proceedings in bankruptcy against him. The record shows that in the years 1865 and 1866 Sonneborn was a member of the firm of

E. Leipzeiger & Co., in New York, and that while he was thus a member the firm bought goods on credit from A. T. Stewart & Co. Some time in 1866 he withdrew from the firm; but no notice of his withdrawal was published, and the firm continued business in its old name without any apparent change. In the spring of 1867 the defendants sold other goods on credit to E. Leipzeiger & Co., as they allege, without any notice that Sonneborn had previously withdrawn from the firm. On the other hand, he alleges that he did give personal notice of his withdrawal to one of the clerks in the defendants' store before the purchases of 1867 were made. No payment for these latter purchases having been made, the defendants in 1869 sued the plaintiff to recover the debt in the Circuit Court for Barbour County, Alabama, and after trial a verdict and judgment were given against them. This was at the August Term, 1871. From the verdict and judgment the defendants prosecuted an appeal to the Supreme Court of the State, where the judgment was reversed and a new trial was ordered. On the 12th of May, 1873, before the case came on for a second trial, one Jonas Sonneborn, a brother of the plaintiff, brought suit against him in the Eufaula city court, and one month afterwards recovered a judgment by default for $6,944.43 (the present plaintiff having made no resistance), and thereupon an execution was issued and levied. This proceeding having come to the notice of A. T. Stewart & Co. (and they having been advised by legal counsel that an act of bankruptcy had thereby been committed by Sonneborn), on the 15th of August, 1873, they filed their petition in the District Court, praying that he might be declared a bankrupt, and that a warrant might issue to take possession of his estate. They represented themselves to be creditors for the sales made to E. Leipzeiger & Co. in 1867, of which firm they averred Sonneborn was a member; and the act of bankruptcy alleged was that on the 12th of June, 1873, he suffered and permitted a judgment to be recovered against him by default in favor of Jonas Sonneborn, in the city court of Eufaula, upon which an execution had issued, whereon a levy had been made. Upon this petition a rule to show cause, &c., was awarded, an injunction issued, and a warrant for provisional seizure granted, which on the 19th

of August, 1873, was executed.   Such was the situation when
the case of the defendants against the plaintiff came on for
the second trial in the Barbour County Circuit Court.   The
result of that trial in November, 1873, was a judgment for
Sonneborn, which was subsequently affirmed by the Supreme
Court of the State at its June Term, 1874.   It thus having
been determined that the defendants were not creditors of
Sonneborn, the proceedings in bankruptcy were dismissed and
the present suit was brought, alleging that they had been
prosecuted maliciously and without probable cause.

There was a verdict for the plaintiff for $21,000 and costs;
and judgment having been entered thereon, Stewart & Co. sued
out this writ of error.   So much of the charge of the court
below as was excepted to by the defendants, and also the in-
structions requested by them and refused, are set forth in the
opinion of the court.

*Mr. Roscoe Conkling* for the plaintiffs in error.

This action cannot be maintained without averring and
proving malice.    *Benson & Co.* v. *McCoy*, 36 Ala. 710 ; *Mc-
Kellar* v. *Couch*, 34 id. 336 ; *McLaren, Ragan, & Co.* v. *Brad-
ford*, 26 id. 616 ; *Lindsay* v. *Larned*, 17 Mass. 191 ; *McCul-
lough* v. *Grishobber*, 4 Watts & Serg. (Pa.) 201 ; *Stone* v.
*Swift*, 4 Pick. (Mass.) 389 ; *Garrard* v. *Willett*, 4 J. J. Marsh.
(Ky.) 630 ; *White* v. *Dingley*, 4 Mass. 433 ; *Turner* v. *Walker*,
3 Gill & Johns. (Md.) 377 ; *Morris* v. *Corson*, 7 Cow. (N. Y.)
281 ; *Ives* v. *Bartholomew*, 9 Conn. 309 ; *Marshall* v. *Betner*,
17 Ala. 832 ; *Tatum* v. *Morris*, 19 id. 302 ; *Vandryen* v. *Lin-
derman*, 10 Johns. (N. Y.) 106 ; *De Medina* v. *Grove*, 10 Ad.
& Ell. N. s. 152 ; *Churchill* v. *Liggers*, 3 Ell. & Bl. 937 ;
*Olinger* v. *McChesney*, 9 Leigh (Va.), 660.

The mere wrongful resort to legal process affords no ground
of action.   It is *damnum absque injuria*, the costs being cast
upon the unsuccessful party, " as a satisfaction to the defendant
for the inconvenience of being held to defend a groundless
suit."   *McKellar* v. *Couch, supra.*

The misuse of legal process must have been both wrongful
and malicious; but the whole charge of the court ignores the
essential requisite of proof of malice, while those particular por-
tions of it to which exception was taken assert Sonneborn's

right to recover actual damages, although the misuse of legal process against him was not malicious.

Costs are the only damages allowed to the successful defendant in a civil suit, when there is no malice on the part of the plaintiff; except where other damages are expressly allowed by special statute, — such as in suits on attachment, injunction, detinue, and other bonds.

Counsel fees expended by the plaintiff in prosecuting or defending his cause cannot be allowed as part of the damages. *Arcambel* v. *Wiseman*, 3 Dall. 306; *Day* v. *Woodworth et al.*, 13 How. 363; *Teese et al.* v. *Huntingdon et al.*, 23 id. 2; *Whittemore* v. *Cutter*, 1 Gall. 429; *Blanchard Gun-stock Turning Factory* v. *Warner*, 1 Blatchf. 258; *Pacific Insurance Co.* v. *Conard*, Baldw. 138; *Simpson* v. *Leiper*, 2 Whart. Dig. 414; *Stimpson* v. *The Railroads*, 1 Wall. Jr. 164; *Oelrichs* v. *Spain*, 15 Wall. 211.

*Mr. Philip Phillips, contra.*

The judgment of the State court in favor of Sonneborn is conclusive that Stewart & Co. were not his creditors. They had, therefore, no probable cause for instituting proceedings in bankruptcy against him. What constitutes probable cause is a question of law, and the want of it implies legal malice.

Malice in fact differs from malice in law in this: the former denotes ill-will to an individual; the latter, a wrongful act, intentionally done, without just cause. *Bronage* v. *Prosser*, 4 Barn. & Cress. 321; *Watson* v. *Moore*, 2 Cush. (Mass.) 140.

The law implies malice when there is not proof to extenuate an act which has been rashly and indiscreetly done. *Long* v. *Rodgers*, 19 Ala. 321.

It results from this distinction : that when the malice is only such as is inferred from a groundless act, and there is no proof of actual malice, none but compensatory damages are allowed; and they include actual injury to property, loss of time, pecuniary expenses, counsel fees, and any other loss suffered. *Burnett* v. *Reed*, 51 Pa. St. 190.

In all cases, unless the trespass was caused by inevitable accident, the party in default must respond in damages, the intent being only material in aggravation or mitigation of them.

Sedgwick, Damages, 660; *Tracy* v. *Swartwout*, 10 Pet. 80; *Bates* v. *Clark*, 95 U. S. 204.

The court, having limited the counsel fees to those incurred in resisting the proceeding in bankruptcy, was not required to instruct that they should not be allowed in another and different proceeding.

The court thus disposed of that question fairly and distinctly, and was not bound to charge the jury in the manner that counsel might suggest. *Indianapolis, &c. Railroad Co.* v. *Horst,* 93 U. S. 291; *Railroad Company* v. *McCarthy,* 96 id. 258.

MR. JUSTICE STRONG, after stating the case, delivered the opinion of the court.

The errors now assigned are exclusively to the charge given by the court to the jury. The instruction given was (*inter alia*) as follows: " But if they (the defendants) had no legal claim or demand against the complainant (Sonneborn), then, whether they had probable cause or not, they had no right to institute the proceedings (in bankruptcy). They cannot go back and allege that, though they had no legal claim against him, they thought they had; in other words, that they had probable cause to believe that they had such a demand. Unless they had a debt, they cannot allege probable cause for proceeding in bankruptcy at all. Their defence cannot stand on two probable causes, one on top of the other. . . . As it has been adjudicated by the Circuit Court of Barbour County, and affirmed by the State Supreme Court, that the defendants never had a legal claim against the plaintiff, and therefore had no right to institute proceedings in bankruptcy against him, the plaintiff is entitled to recover in this action the damages he has sustained by those unlawful proceedings. The court therefore rules that the defence in this case cannot be sustained by proving that the defendants had probable cause to believe that the plaintiff had committed an act of bankruptcy; but it being shown by judicial determination that they had no legal claim or debt against the plaintiff, and had, therefore, no right to institute bankruptcy proceedings, they are liable for the damages sustained by the plaintiff thereby, and the only

question for the jury will be the amount of the damages, under the circumstances of the case. . . . We charge you, therefore, that the plaintiff is entitled to recover his actual damage, or the loss he has actually sustained at all events.". . . And again: " The actual damages sustained by the complainant, that you will give him a verdict for at all events."

This construction, we think, was erroneous, and emphatically so in view of the facts which appeared in evidence. It ignores totally the question whether the conduct of the defendants had been attended by malice, though the plaintiff's declaration charged malice, and it denied all importance to the necessary inquiry, whether they had probable cause for their action. More than this, it disregarded entirely evidence of facts which have been determined to be in law a perfect defence to an action for a malicious prosecution. The jury were positively instructed to return a verdict for the plaintiff independently of any consideration of malice in the institution of the bankruptcy proceedings, or want of probable cause therefor. If the charge was correct, then every man who brings a suit against another, with the most firm and reasonable belief that he has a just claim, and a lawful right to resort to the courts, is responsible in damages for the consequences of his action, if he happens to fail in his suit. His intentions may have been most honest, his purpose only to secure his own, in the only way in which the law permits it to be secured; he may have had no ill-feeling against his supposed debtor, and may have done nothing which the law forbids. Such is not the law. It is abundantly settled that no suit can be maintained against an unsuccessful plaintiff or prosecutor, unless it is shown affirmatively that he was actuated in his conduct by malice, or some improper or sinister motive. Malice is essential to the maintenance of any such action, and not merely (as the Circuit Court thought) to the recovery of exemplary damages. Notwithstanding what has been said in some decisions of a distinction between actions for criminal prosecutions and civil suits, both classes at the present day require substantially the same essentials. Certainly an action for instituting a civil suit requires not less for its maintenance than an action for a malicious prosecution of a criminal proceeding. *Nicholson* v. *Coghill*, 4 Barn. & Cress. 21; *Webb*

v. *Hill*, 3 Carr. & P. 485; *Burhams* v. *Sanford*, 19 Wend. (N. Y.) 417; *Cotton* v. *Huidekoper*, 2 Pa. 149.

In *Farmer* v. *Darling* (4 Burr. 1791,) one of the earliest reported cases, if not the earliest, Lord Mansfield instructed the jury that "the foundation of the action was malice," and all the judges concurred that "malice, either express or implied, and the want of probable cause, must both concur." From 1766 to the present day, such has been constantly held to be the law, both in England and this country. See a multitude of cases collected in Vol. 8, U. S. Digest, first series, 942, pt. 95. And the existence of malice is always a question exclusively for the jury. It must be found by them, or the action cannot be sustained. Hence it must always be submitted to them to find whether it existed. The court has no right to find it, nor to instruct the jury that they may return a verdict for the plaintiff without it. Even the inference of malice from the want of probable cause is one which the jury alone can draw. *Wheeler* v. *Nesbit et al.*, 24 How. 545; *Newell* v. *Downs*, 8 Blackf. (Ind.) 523; *Johnson* v. *Chambers*, 10 Ired. (N. C.) L. 287; *Voorhees* v. *Leonard*, 1 N. Y. Sup. Ct. 148; *Schofield* v. *Ferrers*, 47 Pa. St. 194. In *Mitchell* v. *Jenkins* (5 Barn. & Adol. 588), Lord Denman said: "I have always understood the question of reasonable or probable cause on the facts found to be a question for the opinion of the court, and malice to be altogether a question for the jury." He added, that inasmuch as in that case the question of malice had been wholly withdrawn from the jury, there ought to be a new trial. In the case we have in hand, the question was withheld from the jury, and nothing was submitted to them but an estimate of damages.

There was also error in the charge in so far as it took away from the defendants the protection of probable cause for their instituting the proceedings in bankruptcy. The court ruled that the defence could not be sustained by proving they had probable cause for believing the plaintiff had committed an act of bankruptcy, because, after the proceedings had been commenced, it was established by a verdict and a judgment thereon that the plaintiff was not indebted to them; and consequently that they had no right to institute bankruptcy proceedings against him. It was further charged that "if they had no

legal claim or demand against the plaintiff, then whether they had probable cause or not, they had no right to institute the proceedings. They cannot go back and allege that though they had not a legal claim or debt against him, they thought they had, or that they had probable cause to believe they had such a demand. Unless they had a debt they cannot allege probable cause for proceeding in bankruptcy at all." To this we cannot assent. The existence of a want of probable cause is, as we have seen, essential to every suit for a malicious prosecution. Both that and malice must concur. Malice, it is admitted, may be inferred by the jury from want of probable cause, but the want of that cannot be inferred from any degree of even express malice. *Sutton* v. *Johnstone,* 1 T. R. 493; *Murray* v. *Long,* 1 Wend. (N. Y.) 140; *Wood* v. *Weir & Sayre,* 5 B. Mon. (Ky.) 544. It is true that what amounts to probable cause is a question of law in a very important sense. In the celebrated case of *Sutton* v. *Johnstone,* the rule was thus laid down: " The question of probable cause is a mixed question of law and of fact. Whether the circumstances alleged to show it probable are true, and existed, is a matter of fact; but whether, supposing them to be true, they amount to a probable cause, is a question of law." This is the doctrine generally adopted. *McCormick* v. *Sisson,* 7 Cow. (N. Y.) 715; *Besson* v. *Southard,* 10 N. Y. 236.

It is, therefore, generally the duty of the court, when evidence has been given to prove or disprove the existence of probable cause, to submit to the jury its credibility, and what facts it proves, with instructions that the facts found amount to proof of probable cause, or that they do not. *Taylor* v. *Willans,* 2 Barn. & Adol. 845. There may be, and there doubtless are, some seeming exceptions to this rule, growing out of the nature of the evidence, as when the question of the defendants' belief of the facts relied upon to prove want of probable cause is involved. What their belief was is always a question for the jury.

The Circuit Court thought in the present case, and so charged, that the fact that after the institution of the bankruptcy proceedings a judgment was given in the Barbour Circuit Court against the defendants, thus determining that the

plaintiff was not indebted to them, precluded them from setting up that they had probable cause for their action. That was giving undue effect to the judgment. The conduct of the defendants is to be weighed in view of what appeared to them when they filed their petition in the bankrupt court, — not in the light of subsequently appearing facts. Had they reasonable cause for their action when they took it? Not what the actual fact was, but what they had reason to believe it was. *Faris* v. *Starke*, 3 B. Mon. (Ky.) 4, 6; *Raulston* v. *Jackson*, 1 Sneed (Tenn.), 128.

In every case of an action for a malicious prosecution or suit, it must be averred and proved that the proceeding instituted against the plaintiff has failed, but its failure has never been held to be evidence of either malice or want of probable cause for its institution; much less that it is conclusive of those things. *Cloon* v. *Gerry*, 13 Gray (Mass.), 201; 1 Hilliard, Torts, and cases there collected. The final judgment in the Circuit Court of Barbour County did not, therefore, justify the court in charging either that there was no probable cause for the bankruptcy proceedings, or that the presence or absence of such cause was immaterial. If when they filed their petition to have the plaintiff declared a bankrupt, the defendants believed, and had reasonable cause to believe, that the plaintiff was indebted to them for the goods sold to E. Leipzeiger & Co. in 1867, and had reasonable cause to believe that he had committed an act of bankruptcy, there was probable cause for their action, and the plaintiff was not entitled to recover. That they had reasonable cause to believe an act of bankruptcy had been committed must be conceded in view of the manner in which the judgment of Jonas Sonneborn against him had been obtained on the 12th of June, 1873, and in view of the decision of this court in *Buchanan* v. *Smith*, 16 Wall. 277. If, therefore, they had an honest and reasonable conviction that the plaintiff was their debtor, that he was liable to them for the bills of goods sold by them in 1867 to E. Leipzeiger & Co., they had probable cause for instituting the proceedings in bankruptcy, and their defence was complete. The jury should have been so instructed.

We think, also, there was error in refusing to charge the

jury as requested in the defendants' first point, which was as follows: " If the jury believe, from all the evidence, that A. T. Stewart & Co. acted on the advice of counsel in prosecuting their claim against Sonneborn in the Circuit Court of Barbour County, and upon such advice had an honest belief in the validity of their debt, and their right to recover in said action ; and in the institution of the bankruptcy proceedings acted likewise on the advice of counsel, and under an honest belief that they were taking and using only such remedies as the law provided for the collection of what they believed to be a *bona fide* debt, they having first given a full statement of the facts of the case to counsel, — then there was not such malice in the wrongful use of legal process by them as will entitle the plaintiff to recover in this form of action." This the court refused to affirm, " except as contained and qualified in the preceding charge." An examination of the charge, however, reveals that the instruction was not contained in it, nor alluded to. The defendants, we think, had a right to have it affirmed as presented. There was enough in the evidence to justify its presentation. It was proved that, before they commenced their suit in the Circuit Court of Barbour County, the defendants were advised by an eminent lawyer of Alabama, of twenty-five years' standing in the profession, respecting their legal right to recover the debt from the plaintiff, that, in his opinion, the plaintiff was liable therefor. It was further testified that the same lawyer advised them that, in his opinion, the plaintiff had rendered himself liable to involuntary bankruptcy proceedings by suffering his brother's judgment to go against him by default, and by advertising his entire stock of goods at and below New York cost. It was not until after this advice had been given that the petition in bankruptcy was prepared and filed.

That the facts stated in the point proposed, if believed by the jury, were a perfect defence to the action ; that they constituted in law a probable cause, and being such, that malice alone, if there was such, was insufficient to entitle the plaintiff to recover, — is, in view of the decisions, beyond doubt. *Snow* v. *Allen*, 1 Stark. 502 ; *Ravenga* v. *Mackintosh*, 2 Barn. & Cress. 693 ; *Walter* v. *Sample*, 25 Pa. St. 275 ; *Cooper* v. *Utterbach*, 37 Md. 282 ; *Olmstead* v. *Partridge*, 16 Gray (Mass.), 381.

These cases, and many others that might be cited, show that if the defendants in such a case as this acted *bona fide* upon legal advice, their defence is perfect.

The remaining exceptions to the charge require but brief notice. They relate to the assessment of damages, under the positive instruction to find for the plaintiff. Of these but a single one need be noticed. The court was asked to charge that the jury, if they found for the plaintiff, could not, in estimating the damages, consider the fees of counsel in prosecuting the case. The instruction was not given. It was refused, and erroneously, as we think. The fees of counsel in prosecuting this case were no part of the consequences naturally resulting from the action of the defendants in suing out the decree and warrant in bankruptcy. They were not what the defendants ought to have foreseen. That such fees are not recoverable, and why they are not, was clearly shown in *Good* v. *Mylin*, 8 Pa. St. 51; *vide* also *Alexander* v. *Herr*, 11 id. 537; *Stopp* v. *Smith*, 71 id. 285; *Hicks* v. *Foster*, 13 Barb. (N. Y.) 424. The rule asserted in these cases we think is correct, and it should have been given to the jury in the present case. The defendants were the more injured by the refusal to give it, because evidence was given of the cost of prosecuting the suit calculated immensely to influence the damages, — evidence which should not have been offered or received.

The other exceptions to the charge require no notice.

The judgment of the Circuit Court will be reversed, and the case remanded with instructions to award a *venire de novo;* and it is

*So ordered.*

MR. JUSTICE BRADLEY dissenting.

I am obliged to dissent from the judgment of the court in this case. It hardly needs any reference to authorities to establish the familiar doctrines laid down in the opinion. As applied to ordinary cases of actions for malicious prosecution and arrest, they are elementary law. It cannot be gravely supposed that when the court below instructed the jury that the question of malice and probable cause was not before them except on the question of vindictive damages, it

meant to ignore or to dispute the law as laid down by the court.

The question, as viewed by the court below, was not as to what is incumbent on the plaintiff to prove in an ordinary action for malicious prosecution, but whether the defendant in this particular case stood in the category that entitled him to require such proof.

No one doubts that in an ordinary action of this kind malice must be proved, and that probable cause for the prosecution is a defence. The sole question was whether this was such an ordinary action, or not; and this question has not been met by the counsel at the bar, and I do not think it is met in the opinion of the court.

What are the grounds and reasons for the stringent rules imposed upon a plaintiff in an action for malicious prosecution? Why is he obliged to prove actual malice, and why is it that the defendant may justify by probable cause? The reason undoubtedly is, that every man in the community, if he has probable cause for prosecuting another, has a perfect right, by law, to institute such prosecution, subject only, in the case of private prosecutions, to the penalty of paying the costs if he fails in his suit. If this were not so, it would deter men from approaching the courts of justice for relief. Prosecutions may fail from many causes independent of the justice of the case; and it would be very hard to visit a man with heavy damages for making a complaint, or bringing a suit, when he had probable cause for it. Hence the law gives to every man a right to complain of or sue another, if he has probable cause to believe he has ground for such complaint or suit. For the exercise of this right he cannot be made accountable in damages, except so far as the law, for the discouragement of private suits, imposes upon him the costs of the litigation. In the case of criminal charges, this right of making complaint is given to every man, for all are interested in the preservation of public order. It is not necessary that the complainant or prosecutor should show any private interest in himself. But in the case of a civil suit, the prosecutor must base his demand upon some claim due, or supposed to be due, to himself. Without any claim, or pretence of claim, a suit brought in his own name, or

in the name of another, would be of itself unlawful, malicious, and without probable cause.

In short, upon probable cause, every man has a right to bring a charge against another for a public offence; and every man supposing himself to be wronged by another, may bring suit for the redress of that wrong. The law gives this right, and protects it in an action brought for malicious prosecution or malicious arrest.

But suppose that, in any class of cases, the law did not give this right; could the party then stand, for his defence, upon the question of malice and probable cause? Most assuredly not. He could not bring himself within the proper category. He would then be liable, at all events, for the actual damage caused by an unjust prosecution; just as much so as the man who should assault and wound another, or take and carry away his goods. And if an action should be brought against him for such unjust prosecution, a charge of malice, or want of probable cause, introduced in the declaration, would, at most, be regarded as surplusage; or the prosecution would, *per se*, be regarded as malicious. The allegation of malice would no more prejudice the right of recovery than did similar allegations of fraud and intent to deceive and injure, in the old action of assumpsit. If a man does not bring himself within the category of right to sue given by the law, then it is clear that he cannot avail himself of the indulgence allowed by the law of showing probable cause for the suit.

That was precisely the question in this case. The court below did not pretend to say that if Stewart & Co. had a right to institute proceedings in bankruptcy against Sonneborn, they could not, if unsuccessful, have availed themselves of all the defences applicable in ordinary cases of actions for malicious prosecution. But, whether right or wrong in its views, it held that Stewart & Co. did not come within the category of persons having such right. It held that the bankrupt law gave such right to creditors only, — not to those who only believed themselves to be creditors, but were not such. It held that the fact of their being creditors was a condition precedent to their right to institute bankrupt proceedings. The words of the law as found in sect. 39 of the Bankrupt Act are, that a person

owing debts, and doing certain things enumerated in the section, " shall be deemed to have committed an act of bankruptcy, and subject to the conditions hereinafter prescribed, shall be adjudged a bankrupt, on the petition of one or more of his creditors, the aggregate of whose debts provable under this act amount to at least $250." In construing this section the court held that, whilst the law did not require that a man should establish his debt by a judgment before instituting proceedings in bankruptcy, it nevertheless required that he should be, in fact, a creditor; and that, if his debt was disputed by the debtor, the responsibility was on him (the creditor) to establish it. If this were not so, then, a man prosecuting an old disputed claim against another, which the latter had always repudiated, and which was still contested in the courts, could effectually ruin his antagonist by simply swearing to his claim and throwing him into bankruptcy; and the latter, though finally successful in demonstrating to the courts the invalidity of the claim, would be without any redress except the petty satisfaction of recovering the costs of the suit. The court below held that this was not the law; and that a man who assumes the responsibility of throwing another into bankruptcy, and drawing down upon him all the consequences of breaking up his business and ruining his prospects for life, must be prepared to show that at least he is in fact a creditor of his victim, and therefore in the category of those who have a right to institute such proceedings.

In the present case, Stewart & Co. claimed to be creditors of Sonneborn; but the claim was disputed and in litigation when the proceedings in bankruptcy were commenced. It seems to me that the court was right in holding that the issue of the litigation of the claim was at Stewart & Co.'s risk, so far as the question of their right to institute proceedings in bankruptcy was concerned; and that, if they failed to establish their claim against him, they could not excuse themselves for the outrageous wrong of breaking up his business, and blighting his life, by showing that they had probable cause to believe that their claim was valid.

This position does not in the least disaffirm the right of a creditor — one who is really such — to plead, or show, prob-

able cause for instituting bankruptcy proceedings against his debtor, where those proceedings are dismissed for want of sufficient ground, or for any other cause. A creditor has the right, by the law, to institute such proceedings upon probable cause. But, in my judgment, one who is not a creditor in fact has no such right. The law does not give him any such right.

The power to throw a man into bankruptcy and thus destroy his business, and all hope for the future, is one of great magnitude to be given to one man over another. A wealthy man or firm, with extensive business connections, having this means of destruction in his hands, wields a tremendous power. The indiscriminate exercise of the power by many heavy capitalists throughout the country, as a means of collecting their debts, or holding it *in terrorem* over their debtors for that purpose, was one of the causes which made the late law odious to the community, and produced its repeal. In my judgment, the construction given to it by the court below, on the point in question, was a wise and proper one; calculated to prevent, or at least to moderate, that reckless resort to the law which made it so odious and tyrannical in its effects. It did not trench upon any of the acknowledged principles of the law of malicious prosecution: it distinguished the case from those which came under that head of law, and simply held that one who is not, in fact, a creditor cannot lawfully institute proceedings in bankruptcy; and if he does so to the prejudice of the alleged bankrupt, he is responsible for the damages caused to him thereby.

In the rightful prosecution of their alleged claim, whatever injury they may have caused to Sonneborn, Stewart & Co. could well have pleaded probable cause of believing their claim to be just; and Sonneborn could not have recovered damages without showing malice as well as want of probable cause. But in instituting proceedings in bankruptcy, they must at least be in fact creditors, as a condition precedent of their right to do so. If they had been in fact creditors, then they would have been entitled to all the privileges awarded to a defendant in an ordinary action for malicious prosecution, whatever the result of the proceedings might have been.

Putting the matter into a summary form, the result of my views is briefly this : —

1st, That in criminal matters every person, being interested in the public order, has a right by law, upon probable cause, to make complaint against a supposed offender.

2d, That any person believing himself to have a claim against another, having probable cause for such belief, has a right, by law, to sue therefor, subject only, if his claim be adjudged false, to pay the costs of suit.

3d, That any creditor of another may institute proceedings in bankruptcy against his debtor, if he have probable cause to believe that his debtor has committed an act of bankruptcy; but a condition precedent to such right is, that he be, in fact, a creditor.

Counsel, on argument, and it seems to me the court, in its opinion, takes for granted in this case the contrary of the last proposition, without considering the question itself. Assuming that a petitioning creditor is not under any condition precedent to be, in fact, a creditor, then I would agree to all that is laid down in the opinion. But that is the very question, and the only important question, in the case.

The exception in regard to allowing counsel fees in the suit by way of damages was not founded in truth. The court below expressly confined the jury to three specific grounds of damage, and this was not one of them. Hence the request to charge on the subject was not relevant, and the court did no wrong to the defendants in refusing to so charge.

I think the judgment should be affirmed.