[No. 9359. In Bank. — November 30, 1885.]

RICHARD GONZALES ET AL., RESPONDENTS, *v.* SAUL COBLINER ET AL., APPELLANTS.

MALICIOUS PROSECUTION — CIVIL ACTION — INSTRUCTION AS TO MALICE. — In an action to recover damages for the malicious prosecution of a civil action, the court refused to give the following instruction: "If the defendants instituted suit against plaintiffs in good faith, without malice and with no other motive than to recover a debt which they honestly believed was due by plaintiffs, then plaintiffs cannot recover." *Held*, that the refusal was error.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

On the subject of malice, the court below instructed the jury as follows:—

"To maintain this action, plaintiffs must show that the suit and attachment were commenced with malicious intent, but this may be inferred from want of probable cause." The remaining facts are stated in the opinion.

*Marcus Rosenthal*, and *William H. Sharp*, for Appellants, cited *Harkrader* v. *Moore*, 44 Cal. 144; *Ganea* v. *S. P. R. R. Co.*, 51 Cal. 140; *Potter* v. *Seale*, 8 Cal. 217; *Hynes* v. *Nelson*, 1 W. C. R. 473; Cooley on Torts, 180, *Brewer* v. *Jacobs*, 22 Fed. Rep. 217.

*Fox & Kellogg*, for Respondents, cited Cooley on Torts, 182; *Harkrader* v. *Moore*, 44 Cal. 153; *Levy* v. *Brannan*, 39 Cal. 488; *Potter* v. *Seale*, 8 Cal. 220; notes to *Sharpe* v. *Johnstone*, 21 Am. Law Reg., N. S., 584; *Kinsey* v. *Wallace*, 36 Cal. 462; *Stewart* v. *Sonneborn*, 98 U. S. 194; *Shaul* v. *Brown*, 28 Iowa, 37.

BELCHER, C. C.—This is an action to recover damages for the malicious prosecution of a civil action against the plaintiffs.

It is alleged in the complaint that on the twelfth day of January, 1881, the defendants, not then having any reasonable or probable cause of action against the plaintiffs or either of them, maliciously, and intending to harass, oppress, and injure the plaintiffs in their business, good name, and credit, commenced an action in a Justices' Court to recover from the plaintiffs the sum of $299.50 for goods sold and delivered; that a writ of attachment was taken out at the same time and served by attaching certain moneys due the plaintiffs; that on the twenty-first day of the same month the attachment

was discharged and the moneys held thereunder released, upon the ground that the accounts sued on were not due when the suit was commenced; that thereupon the plaintiffs in said action voluntarily dismissed and discontinued the same; that at the time of the issuance of the attachment the plaintiffs were engaged in manufacturing and selling neck-wear in the city of San Francisco, and that by reason of the suit and attachment they were greatly injured in their credit and business, and suffered great pain of mind; that the plaintiffs were forced to expend and did expend the sum of seventy-six dollars in defense of the action and in procuring a dissolution of the attachment, and that they were otherwise damaged thereby in the sum of five thousand dollars, for which they asked judgment.

There was a general demurrer to the complaint, which was properly overruled.

By their answer the defendants admitted that the proceedings in the Justices' Court were commenced and ended as alleged in the complaint; but they denied that in commencing the action and taking out the writ of attachment they acted maliciously or without reasonable and probable cause. On the contrary, they alleged that they acted in good faith, and that before commencing the action they stated all the facts and circumstances connected with the transaction, fully, fairly, and truthfully, to an attorney who was admitted to practice law in all the courts of this state, and that after such statement they were advised by him and verily believed that they had good and present causes of action against the plaintiffs herein, and full right to take out and have levied upon their property a writ of attachment; that having full faith in and acting upon the advice of their attorney, they commenced and prosecuted the action complained of.

They also denied that by reason of the action the plaintiffs suffered pain of mind, or were injured in their

business or credit, or were in any way damaged in the sum of five thousand dollars, or in any other sum.

Upon the issues thus raised the case was tried before a jury, and very direct and positive testimony was introduced to sustain the contention of each side. The verdict was in favor of the plaintiffs, and the appeal is by the defendants from the judgment and an order denying a new trial.

1. The evidence was conflicting, and we cannot reverse the judgment on the ground that it was insufficient to justify the verdict.

2. The court instructed the jury very clearly and fully upon most of the questions involved in the case, and no exception was taken by the defendants to any of the instructions given; but it refused to instruct them, at the request of defendants, as follows:—

"4. If the defendants instituted suit in the Justices' Court against plaintiffs in good faith without malice, and with no other motive than to recover a debt which they honestly believed was due by plaintiffs, then plaintiffs cannot recover in this action, and your verdict must be for defendants."

The defendants excepted to this refusal, and now assign it as error.

We think the instruction should have been given. It was not refused because it had been substantially embraced in the charge given by the court, nor do we think it could rightfully have been refused for that reason.

The proposition involved in the instruction asked is settled law. The authorities in support of it are numerous, but only a few need be cited.

Speaking of an action for malicious prosecution, this court has said:—

"Malice in fact must be shown in order to support the action, . . . . and while the jury *may* find the fact of malice from the circumstances of the want of probable cause, or from other circumstances established in the

case, they are not to be told that a wrongful charge made without probable cause is *per se* malicious in fact." (*Harkrader* v. *Moore,* 44 Cal. 153.)

The supreme court of Alabama reversed a judgment because the court below refused to instruct the jury "that if the defendants did not sue out the attachment with malice, or from a disposition to vex or harass the plaintiff, but honestly believed that they had reasonable and probable cause to sue out the attachment, then the plaintiff was not entitled to recover." (*Benson & Co.* v. *McCoy,* 36 Ala. 710.)

In Massachusetts it has been held that "no action lies for one whose property has been attached, and who has suffered much damage in consequence of a civil suit, which was abated, unless the prosecution of such suit were malicious." (*Lindsay* v. *Larned,* 17 Mass. 190.)

In an action for malicious prosecution, the Supreme Court of the United States used the following language:—

"It is abundantly settled that no suit can be maintained against an unsuccessful plaintiff or prosecutor, unless it is shown affirmatively that he was actuated in his conduct by malice, or some improper or sinister motive. Malice is essential to the maintenance of any such action, and not merely to the recovery of exemplary damages. . . .

"In *Farmer* v. *Darling,* 4 Burr. 1791, one of the earliest reported cases, if not the earliest, Lord Mansfield instructed the jury that the 'foundation of the action was malice,' and all the judges concurred that 'malice, either express or implied, and the want of probable cause, must both concur.'

"From 1766 to the present day, such has been constantly held to be the law, both in England and this country. (See a multitude of cases collected in 8 U. S. Digest, first series, 942, pt. 95.) And the existence of malice is always a question exclusively for the jury. It must be found by them, or the action cannot be sustained.

Hence it must always be submitted to them to find whether it existed. The court has no right to find it, nor to instruct a jury that they may return a verdict for the plaintiff without it. Even the inference of malice from the want of probable cause is one which the jury alone can draw"; citing a large number of cases. (*Stewart* v. *Sonneborn*, 98 U. S. 192.)

It follows that the judgment and order should be reversed, and the cause remanded for a new trial.

SEARLS, C., and FOOTE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are reversed, and the cause remanded for a new trial.

MYRICK, J., dissenting. —I think the instruction was substantially given. I therefore dissent from the judgment.

Rehearing denied.