[L. A. No. 2908. In Bank.—February 28, 1913.]

## A. E. VESPER, Appellant, v. CRANE COMPANY (a Corporation), and JOHN P. HUNT. Respondents.

MALICIOUS PROSECUTION OF CIVIL ACTION—PROBABLE CAUSE—ACTION RESULTING UNFAVORABLY TO PLAINTIFF.—As a general rule, no action for damages can be prosecuted against a plaintiff in an action from the fact *per se* that the action was unsuccessful or abated. The action must have been prosecuted maliciously and without probable cause or the plaintiff cannot be made liable for bringing it.

ID.—ACTION ACCOMPANIED BY ANCILLARY PROCESS—ATTACHMENT—PLEADING.—The rule is the same, whether the damages sought proceed from the bringing of an action alone or whether it is accompanied with an attachment, injunction, or other ancillary process. In either event the plaintiff in such action must allege and prove malice and want of probable cause in bringing the original action, or in procuring the issuance of the ancillary proceeding therein, or he is not entitled to recover.

ID. — REMEDIES FOR WRONGFUL ATTACHMENT — ACTION ON UNDERTAKING—MALICIOUS ATTACHMENT.—When an attachment is sued out and levied upon the property of a defendant in the action and the plaintiff therein has failed to maintain his action, two remedies may be open to the attachment defendant; he may sue upon the undertaking on attachment or maintain an action for malicious attachment.

ID.—PLEADING AND PROOF IN ACTION ON UNDERTAKING.—The remedy on the attachment undertaking is sustained by allegation and proof that the writ was wrongfully procured; that there was no debt due from the attachment defendant when it was issued and levied. It is not there necessary to aver malice and want of probable cause for the issuance of the attachment, but simply that the attachment was wrongfully procured and levied.

ID.—PLEADING AND PROOF IN ACTION FOR MALICIOUS ATTACHMENT—MALICE AND WANT OF PROBABLE CAUSE ESSENTIAL.—When, however, the attachment defendant undertakes to proceed against the attachment plaintiff alone and independent of any right of action upon the bond, he must allege and show malice and want of probable cause on the part of the attachment plaintiff as required by the principles of the common law in actions for malicious prosecution. The averment of malice and want of probable cause go to the very gist of the action by the attachment defendant, and no recovery can be had unless these essential elements of liability are alleged and established by the evidence.

ID.—WANT OF PROBABLE CAUSE WILL NOT SUPPORT ACTION.—In such
action, proof of want of probable cause and malice must be made
to warrant recovery; it cannot be had on proof of want of probable
cause alone. While malice may be inferred from want of probable
cause, there can be no such inference where it was expressly
admitted on the trial that the attachment plaintiff was not actuated
by malice in bringing the attachment action or in procuring the
issuance and levy of the attachment.

ID.—ACTION ANALOGOUS TO ORDINARY ACTION FOR MALICIOUS PROSE-
CUTION.—The action to recover damages from the attachment plain-
tiff for the mere wrongful issuance and levy of an attachment is
analogous to the ordinary action for malicious prosecution of a
criminal proceeding, or of a civil action where no attachment or
other ancillary proceeding has been had, and is governed by the
same rules as to pleading and proof as far as applicable.

APPEAL from a judgment of the Superior Court of
Los Angeles County and from an order refusing a new trial.
Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Grant Jackson, and Lewis Cruickshank, for Appellant.

Sidney J. Parsons, for Respondents.

THE COURT.—This appeal was originally heard and de-
termined in Department Two, an opinion written by Mr. Jus-
tice Lorigan having been filed on September 13, 1912, the
court affirming the judgment and order appealed from. A
rehearing in Bank was ordered. Upon further consideration
we adhere to the views expressed in the Department opinion,
and adopt the same as the opinion of the court in Bank.

The following is a copy of the Department opinion:

"This appeal is taken from a judgment in favor of defend-
ants and an order denying the motion of plaintiff for a new
trial.

"The action was brought to recover damages for the alleged
wrongful issuance and levy of a writ of attachment.

"The complaint was in two counts and the allegations com-
mon to both are, that in April, 1907, the defendant Crane
Company, asserting that plaintiff was indebted to it in the
sum of $463.57 for goods, wares and merchandise sold by it

to him, assigned its claim therefor to the other defendant, Hunt, one of its employees, for the purpose of collecting the amount by suit, and such an action was brought therefor at its request by Hunt on May 10, 1907; that an affidavit and undertaking on attachment was filed and given and a writ of attachment issued in the suit, under which an automobile belonging to plaintiff was levied on and taken possession of by the sheriff on the same day the action was commenced, and held in the possession of the latter until January 19, 1909, some twenty months; that plaintiff answered in said action, and, after trial, judgment was entered in his favor in September, 1908, for his costs of suit, the court finding that he was never indebted to the Crane Company, or Hunt as assignee, in any sum whatever; that Hunt appealed from said judgment and executed a bond to continue the attachment in force pending the appeal, and also moved for a new trial; that while the appeal and said motion for a new trial were pending it was, on January 19, 1909, stipulated between the parties that both the appeal and motion should be abandoned, the automobile released from attachment and restored to plaintiff, and the costs in the judgment awarded to plaintiff paid by said Hunt, all of which was done.

"It was then further alleged in the first count that plaintiff was never indebted to the defendant Crane Company or to said Hunt; that said action was commenced and said attachment issued and levied by defendants 'maliciously and without probable or any cause therefor, and for the purpose of harassing and annoying plaintiff and putting him to trouble and expense'; that the reasonable value, use and occupation of said automobile during its detention for said twenty months by the sheriff under the writ was $15.00 a day, amounting in the aggregate, with other alleged damages, to $9315.00, for which judgment was asked.

"As to the second count the only material difference between its allegations and those of the first count are, that the damages claimed as the result of the detention of the automobile are more specifically set forth, the claim being that they aggregated $9766.42, and the omission of any allegation that the action was brought and the attachment levied maliciously, it being alleged in that respect 'that the said action was commenced and the said writ of attachment issued

and levied without probable or any cause therefor.' It was further alleged in both counts that the said action by Hunt against plaintiff was brought and prosecuted and the attachment issued and levied by Hunt at the request and direction of the Crane Company and as its agent and for its benefit.

"The answer of defendants admitted that defendant Hunt in the prosecution of the said suit against plaintiff was acting in behalf of the defendant Crane Company and all the allegations respecting such actions. The levy of the attachment and detention by the sheriff of the automobile of plaintiff thereunder were likewise admitted, but defendants denied that said action was brought maliciously or without probable cause on the part of either of said defendants, or that plaintiff suffered damage by reason of the bringing of said action or the issuance and levy of said attachment. As a further defense the defendants set forth at length facts and circumstances in connection with the claim of indebtedness asserted by Hunt as assignee of defendant Crane Company in said suit against plaintiff, the bringing of the action thereon and the levy of the attachment, under all of which it was asserted and claimed that both Hunt and the Crane Company in bringing said suit had probable cause for doing so, and believed that plaintiff was legally liable on the account upon which suit was brought, and were so advised by their attorney, to whom they had freely and fairly stated all the facts regarding the matter of which they had then knowledge, and that said action was brought in good faith with probable cause and without any malice on the part of either of said defendants against plaintiff.

"On the trial of the action, as to the allegation in the first count of the complaint that the suit complained of was instituted by the defendants maliciously, it was expressly admitted by the attorney for plaintiff that said action was begun and the attachment issued and levied by the defendants without any malice on the part of the defendants against the plaintiff.

"Having so abandoned the allegation of malice, and on the assumption that it was only necessary to prove want of probable cause as alleged in both counts, plaintiff introduced in evidence in support of such allegation the judgment-roll in the action of Hunt against the plaintiff.

"The admission by plaintiff of the absence of malice and the introduction of this judgment-roll on the issue of want of probable cause was all that was presented to the court on these matters. The rest of the evidence was addressed solely to the question of damages.

"The court, in concurrence with the admission of counsel for plaintiff, found that in bringing the action and levying the attachment, the defendants did so without malice, and further found against the claim of plaintiff that said action and levy were without probable or any cause therefor. In addition the court found that by reason of the issuance of the attachment and detention of the automobile for the period claimed, the damages to plaintiff did not exceed $711. The court concluded as matter of law that as the action against plaintiff was brought and the attachment levied without malice, and it not being shown that the same was brought with malice and without probable cause, the defendants were entitled to a judgment in their favor dismissing the complaint of plaintiff, which was accordingly done. The theory upon which the superior court rendered judgment for the defendants was that no action could be maintained directly against an attaching creditor unless upon allegation and proof that the issuance and levy of the writ was procured maliciously and without probable cause; that otherwise the sole remedy of the attachment defendant was against the sureties upon the undertaking on the attachment given to procure the issuance of the writ.

"As we understand the contention made by appellant here, it is that the present action was not brought to recover punitive damages for malicious attachment, but simply to recover actual damages caused by the issuance and levy of the writ; that when the action is of that character alone it is not necessary to aver malice or even want of probable cause, but only to aver, as appellant did, that the respondents never had any cause of action against appellant when they brought the suit against him, and that proof thereof entitled them to a recovery of actual damages for which the suit was alone brought, or that, in any event, an averment of want of probable cause and proof thereof was all that was essential to warrant a recovery for actual damages.

"The general rule is well settled in this state, following the common law doctrine, that no action for damages can be prosecuted against a plaintiff in an action from the fact *per se* that the action was unsuccessful or abated. The action must have been prosecuted maliciously and without probable cause or the plaintiff cannot be made liable for bringing it. And the rule is the same whether the damages sought proceed from the bringing of an action alone or whether it is accompanied with an attachment, injunction, or other ancillary process. In either event the plaintiff in such an action must allege and prove malice and want of probable cause in bringing the original action or in procuring the issuance of the ancillary proceeding therein, or he is not entitled to recover. When an attachment is sued out and levied upon the property of a defendant in the action and the plaintiff therein has failed to maintain his action, two remedies may be open to the attachment defendant; he may sue upon the undertaking on attachment or maintain an action for malicious attachment. The remedy on the attachment undertaking is sustained by allegation and proof that the writ was wrongfully procured—that there was no debt due from the attachment defendant when it was issued and levied. It is not there necessary to aver malice and want of probable cause for the issuance of the attachment, but simply that the attachment was wrongfully procured and levied. When, however, the attachment defendant undertakes to proceed against the attachment plaintiff alone and independent of any right of action upon the bond, he must allege and show malice and want of probable cause on the part of the attachment plaintiff as required by the principles of the common law in actions for malicious prosecution. The averment of malice and want of probable cause go to the very gist of the action by the attachment defendant, and no recovery can be had unless these essential elements of liability are alleged and established by the evidence. The action to recover damages from the attachment plaintiff for the mere wrongful issuance and levy of an attachment is analogous to the ordinary action for malicious prosecution of a criminal proceeding, or of a civil action where no attachment or other ancillary proceeding has been had, and is governed by the same rules as to pleading and proof as far as applicable. (*Easlin* v. *Bank of Stockton,*

66 Cal. 123, [56 Am. Rep. 77, 4 Pac. 1106]; *Robinson* v.
*Kellum,* 6 Cal. 399; *Grant* v. *Moore,* 29 Cal. 644; *King* v.
*Montgomery,* 50 Cal. 115; *Gonzales* v. *Cobliner,* 68 Cal. 151,
[8 Pac. 697]; *Asevado* v. *Orr,* 100 Cal. 293, [34 Pac. 777].)

"While two of the cases above quoted (*Robinson* v. *Kellum*
and *Asevado* v. *Orr*) involved actions on injunction bonds,
the same principle as to the maintenance thereof is applicable,
whether the ancillary process or proceeding accompanying
the suit consists of an injunction, or attachment or other writ,
which it is asserted has been improperly procured in the
action. In the last case immediately cited, quoting from the
first, it is said in 100 Cal. p. 297 [34 Pac. 778] : 'An action
on the case will not lie for improperly suing out an injunc-
tion, unless it is charged in the declaration as an abuse 'of
the process of the court through malice and without probable
cause. If the act complained of is destitute of these ingredi-
ents, then the only remedy of the injured party is an action
upon the injunction bond, which is specially provided by the
statute as a protection against injury, even without malice,'
and reversed the judgment because the complaint failed to
aver those facts.

"The cases of *King* v. *Montgomery,* 50 Cal. 115, and *Gon-
zales* v. *Cobliner,* 68 Cal. 151, [8 Pac. 697], were actions for
damages by the attachment defendant against the attachment
plaintiff, in which this court declares it to be the settled law
that no action lies against the plaintiff in behalf of one whose
property has been attached and the suit or attachment termin-
ated in his favor, unless such suit or attachment was prose-
cuted or sued out and levied maliciously and without probable
cause. In the last case just referred to this court cites
several cases from other jurisdictions in support of this rule,
among others *Stewart* v. *Sonneborn,* 98 U. S. 192, [25 L. Ed.
116], where it is said (and extending the quotation somewhat
further) :

" 'The jury were positively instructed to return a verdict
for the plaintiff independently of any consideration of malice
in the institution of the bankruptcy proceedings, or want of
probable cause therefor. If the charge was correct, then
every man who brings a suit against another, with the most
firm and reasonable belief that he has a just claim, and a
lawful right to resort to the courts, is responsible in damages

for the consequences of his action, if he happens to fail in his suit. His intentions may have been most honest, his purpose only to secure his own, in the only way in which the law permits it to be secured; he may have had no ill feeling against his supposed debtor, and may have done nothing which the law forbids. Such is not the law. It is abundantly settled that no suit can be maintained against an unsuccessful plaintiff or prosecutor, unless it is shown affirmatively that he was actuated in his conduct by malice, or some improper or sinister motive. Malice is essential to the maintenance of any such action, and not merely (as the circuit court thought) to the recovery of exemplary damages. Notwithstanding what has been said in some decisions of a distinction between actions for criminal prosecutions and civil suits, both classes at the present day require substantially the same essentials. Certainly an action for instituting a civil suit requires not less for its maintenance than an action for a malicious prosecution of a criminal proceeding.'

"It will be observed in this quotation from the supreme court of the United States that the distinction which the appellant seeks to make between actions for actual damages and those for exemplary damages as affecting the necessity of allegations of malice and want of probable cause in procuring an attachment or other process, is expressly repudiated; that such allegations are essential to the maintenance of any such action, whatever the character of the damages sought, whether compensatory or punitive.

"We content ourselves with reference to our own cases and the authorities referred to therein sustaining the rule that allegation and proof of both malice and want of probable cause are essential to a suit against an attachment plaintiff, without additional citation from other jurisdictions, which abundantly sustain this rule.

"Considerable discussion is directed on both sides to the effect of the judgment-roll in the suit of Hunt against the plaintiff in which suit the attachment was issued, and which was introduced in evidence by plaintiff in this action in support of his allegation of want of probable cause. Appellant contends that it sufficiently established such issue; respondent denies that it had that effect. But we perceive no reason for considering this point. If it be assumed, without so decid-

ing, that it was at least *prima facie* evidence of want of
probable cause, this cannot benefit plaintiff, because to main-
tain the action both malice and want of probable cause must
be shown on his part. As pointed out, proof of want of
probable cause and malice must be made to warrant recovery;
it cannot be had on proof of want of probable cause alone.
While malice may be inferred from want of probable cause,
there can be no room for such inference where, as here, it
was expressly admitted on the trial that neither of the re-
spondents was actuated by malice in bringing the action or
procuring the issuance and levy of the attachment.

"Nor is it necessary to discuss the point made as to the
proper rule for the assessment of damages in cases of this
character. This could only be important if, as contended by
appellant, proof alone of want of probable cause in procuring
the levy of the attachment was sufficient to sustain an action
of this character, which as pointed out is not the rule in this
state. While the trial court took evidence on the subject of
damages and made a finding thereon, still on its further find-
ings, supported by the admissions of appellant on the trial,
that respondents did not act maliciously in procuring the at-
tachment, the matter of damages became a false quantity in
the action. It was not necessary for the court, in view of
the other findings, to make any finding on the subject of dam-
ages at all and properly ignored it in entering the judgment
dismissing the action which under the other findings discussed
it was right to do."

The judgment and order appealed from are affirmed.

Beatty, C. J., does not participate in the foregoing.