**SHEPHERD et al.**

v.

**CONSTRUCTORA, S. A.**

No. 13669.

United States Court of Appeals
Ninth Circuit.

June 28, 1954.

Rehearing Denied April 8, 1955.

William K. Young, Los Angeles, Cal., for appellant.

Newman & Newman, Joseph Galea, Los Angeles, Cal., for appellee.

Before STEPHENS and FEE, Circuit Judges, and McCORMICK, District Judge.

STEPHENS, Circuit Judge.

This appeal is from a judgment of the United States District Court for damages.

On the 25th day of February, 1949, the defendants in the instant action, appellants here, having instituted an action in the Superior Court of California for a money judgment against Julio A. Villasenor, ran a garnishment against the Belyea Truck Company as to a motor grader in the latter's possession, claiming that Villasenor, defendant in the state case, owned some interest therein. Belyea answered in writing that it had the possession and control of the grader which belonged to Villasenor. In serving the garnishment the sheriff did not take physical possession of nor did he place a keeper in charge of the grader. The grader appears to have remained in Belyea's yard without event as to it until May 9, 1949, when Constructora, S. A., a Mexican corporation, who later became plaintiff-appellee in the instant action, filed a "third party claim" in the state court with the sheriff claiming ownership to and right of possession of the grader, and the next day or the day following the sheriff demanded of Shepherd an undertaking to protect himself, but it was denied in writing the day following. On the same day that the undertaking was denied, Shepherd petitioned the state court, in the case it had instituted against Villasenor, to determine the title to the motor grader and

for an order restraining the transfer or removal thereof pending the court's ruling on the petition. The court entertained the petition, set the matter for hearing and issued the requested restraint. No bond was required or was given. The petition was heard as an adversary matter between Shepherd and Constructora without objection from anybody and judgment was entered on the 18th day of August, 1949, decreeing that the claimant Constructora was the owner of and entitled to the possession of the grader. Shepherd's petition was pursuant to Section 689 of the California Code of Civil Procedure, and the proceeding was conducted in accordance therewith. That section of the California code refers specifically to levies of execution after judgment but is made applicable to hearings of third party claims in garnishments before judgment, by Section 549 of the same code.

It appears from the record that the restraining order ceased to be effective on the 16th day of August, 1949, or two days before entry of judgment, presumably upon the court's informing the parties of its intention to enter judgment. Thereupon, or within a day or so, Constructora took possession of the grader. There is no dispute as to the correctness of these stated facts.

Thereafter, Constructora instituted the instant action in the United States District Court for damages for the deprival of the use of the grader for the period following the date of garnishment up to the date it was released by the state court's order.

The court, 112 F.Supp. 935, awarded the plaintiff $2,173.70 for loss of use of the grader (five months, twenty-one days, at $381.40 per month); $225.00 plaintiff's expenses for travel in obtaining release; $500.00 attorney's fees; judgment in the sum of $2,898.70 was entered with costs for Constructora against Shepherd. Shepherd appeals, and claims that the judgment must be reversed.

It must be understood that the action is not against the sheriff but against the plaintiff in the state court (Shepherd) for causing the detention of the grader from Constructora through garnishment from February 26, 1949, to May 10, 1949, and from May 10, 1949, to August 16, 1949, through the state court's order under sections 689 and 549, of the California Code of Civil Procedure, to which we have hereinbefore referred.

It is alleged in paragraph VIII of the complaint in suit:

"That prior to and immediately subsequent to the attachment [garnishment] hereinabove referred to, the defendants and each of them had sufficient knowledge that the said Motor Grader was the property and equipment of the plaintiff herein."

And further in paragraph XIV of the complaint in suit:

"That defendant's wrongful acts [causing detention by instituting the garnishment and the § 689 proceeding] were done with knowledge of plaintiff's title to an ownership of the Motor Grader; and for said malice and wilful recklessness to plaintiff's rights, the plaintiff asks for the sum of Five Thousand Dollars ($5,000.00), as punitive damages."

To these allegations which were duly denied there are no findings of fact so-called, although there appears in paragraph III of the Conclusions of Law, the following:

"* * * and that the fact the defendants did not act with malice or ill will, or without probable cause, does not excuse the said defendants from the damages caused plaintiff by said defendants."

Such statement, though misplaced, is in fact a Finding of Fact that defendants did not act with malice or ill will, or without probable cause, and clearly holds

as a conclusion of law that the causing of the garnishment and subsequent detention of the grader and the causing of the § 689 hearing and restraining order, without more, entitled plaintiffs to recover compensatory damages.

 The judgment must be reversed since it is based upon an unsupportable conclusion of law.

As early as approximately 1858, the California Supreme Court held in Robinson v. Kellum, 6 Cal. 399, at pages 399–400 that recovery in damage cases against one instituting process can be made only if malice and lack of probable cause is proved. The principle was exhaustively treated in Vesper v. Crane Co., 1913, 165 Cal. 36, 130 P. 876, L.R.A. 1915A, 541, the leading California case on the subject, and the holding was to like effect. It is the law today. See Metzenbaum v. Metzenbaum, 1953, 121 Cal.App.2d 64, 262 P.2d 596, at page 599[5–6]. The sound reason for the rule is well expressed in the Vesper case, supra, 165 Cal. at pages 42–43, 130 P. at page 879, wherein the court is quoting with approval from Stewart v. Sonneborn, 98 U.S. 187, 192, 25 L.Ed. 116, " 'If * * * [otherwise] then every man who brings a suit against another, with the most firm and reasonable belief that he has a just claim, and a lawful right to resort to the courts, is responsible in damages for the consequences of his action, if he happens to fail in his suit.' " After quoting the above and more from Stewart v. Sonneborn, supra, the California Supreme Court continues in its opinion in 165 Cal. 36, at page 43, 130 P. at page 879: " 'We content ourselves with reference to our own cases and the authorities referred to therein sustaining the rule that allegation and proof of both malice and want of probable cause are essential to a suit against an attachment plaintiff, without additional citation from other jurisdictions, which abundantly sustain this rule.' "

It will not be necessary to go further.

Reversed.