By the Court,
Wood, Judge.
The only question presented in this motion is, do the facts set forth in the declaration constitute a legal cause of action, provided the plaintiffs were indebted to the defendant, when he sued out the writ of attachment ?
In Connecticut, there is a statute which provides, that where a. plaintiff shall “ willingly and wittingly,” wrong any defendant by prosecuting any action against him with intent wrongfully to trouble and vex him, such plaintiff shall pay treble damages for the first offence, be liable to a fine for the second, and for the third, may be proceeded against as a common barrator. Judge Swift thinks the act founded in the clearest principles of justice. Swift Dig. 493. At com.mon law, it seems well settled, that no action will lie for a malicious prosecution of a civil suit, without cause, where there is no arrest. 1 Salk. 14. The costs allowed in all other cases, are supposed to be a sufficient compensation for the injury, however ^malicious. The-rule itself may perhaps be admitted, but the reason on which it is said to be founded, can not be so readily admitted, for at common law, no-costs were allowed. If the plaintiff failed, he was amerced for his false clamor, and if he succeeded, the defendant was at the mercy of the king. But at common law, whenever there was an arrest, holding to bail, or imprisonment, where no debt was due, or for a greater sum than was due, with a malicious intention to injure, the action lay for a. malicious arrest. 1 Saund. 228. The action for a malicious prosecution, which, technically, only applies to cases of malicious prosecution of criminal complaints, lies as well where there is not, as where? *103 there is an arrest; and the grounds of the action are the malice of the-defendant, want of probable cause, and injury to the plaintiff’s person by imprisonment, his reputation by scandal, or to his property by expense. 1 Swift D. 491. Having no direct adjudication on the question before us, we may look to the analogies of the law. The counsel for the defendant insist that because the plaintiffs’indebtedness to the defendant in the former suit is admitted, there was probable cause for suing out the writ of attachment. This does not seem to us to follow. To constitute probable cause for suing out a writ of attachment, the law requires an affidavit of indebtedness, and also that the debtor has absconded, or is non-resident. The absence of either is absence of probable cause for the writ, and the false affirmation of either fact, knowingly, as a means of procuring the writ, shows express malice, whilst the taking of property without cause, is a sufficient injury to sustain the action.
In the Supreme Court of New York, it has been decided, that case would lie against both plaintiff and defendant, for fraudulently setting up the judgment as unsatisfied, when in fact paid, and causing an execution and sale of land once held by it as a lien, but which had been afterwards conveyed by the defendant to a third person. The court in that case say, “ if it appear that the unlawful acts of the defendant occasioned trouble, inconvenience, or expense to the plaintiff, this action lies.” The general rule is, that for every injury the law gives redress ; and it would be a reproach to the administration of justice, if one, by perjury, could take from another the control of his property, under form of law, and the law afford no remedy. Nice technicalities) are sometimes applied to get rid of a hard ease ; but when, under form of law, opportunity is sought to gratify malice, to the injury of another, courts will not be astute to avoid, but rather seek ground to sustain an action. We have no facts in this case, ^before us, but the statement in the declaration, and the admission of indebtedness ; but these show a sufficient prima facia cause of action, and cause for opening up the nonsuit.
New trial granted.