## McCracken v. Covington City Nat. Bank of Covington, Ky.*

*(Circuit Court, S. D. Ohio.   December 3, 1880.)*

1. ATTACHMENT—OHIO REV. ST. § 5521—"DEBT OR DEMAND ARISING UPON CONTRACT."—Section 5521 of the Ohio Revised Statutes, prescribing the cases in which an attachment may issue, provides that "an attachment shall not be granted on the ground that the defendant is a foreign corporation, or a non-resident of this state, for any claim other than a debt or demand arising upon contract, judgment, or decree, or for causing death by a negligent or wrongful act." *Held*, that an action against a foreign corporation to recover damages for instituting suit in violation of a contract for the extension of the time of payment upon a note, and wantonly and maliciously attaching plaintiff's property therein, whereby plaintiff's credit was greatly injured, was not an action for "a debt or demand arising upon contract," within the meaning of said statute, and that an attachment could not issue therein.

2. SAME—NATIONAL BANKING ASSOCIATIONS—U. S. REV. ST. § 5242.— Whether section 5242, U. S. Rev. St., providing that no attachment shall be issued against a national banking association by a state court before final judgment is general, and applies to all national banking associations, *quære*.

   *Central Nat. Bank* v. *Richland Nat. Bank of Mansfield*, 52 How. Pr. (N. Y.) 136.

3. PLEADING—WRONGFUL PROSECUTION OF CIVIL ACTION—MALICE.—In an action to recover damages for the wrongful bringing of a civil action, the petition must allege that such action was brought maliciously.

   *Stewart* v. *Sonneborn*, 98 U. S. 187.

4. SAME—MALICIOUS PROSECUTION OF CIVIL ACTION — TERMINATION OF ACTION.—The petition in such action must also allege that the action, the bringing of which is complained of, has been terminated.

   *Stewart* v. *Sonneborn*, 98 U. S. 187.

5. SAME—SAME—SAME—ATTACHMENT.—And this rule is not changed by the fact that the petition alleges, as the cause of action, the malicious issuing of an *attachment*, if the action in which it is issued and the attachment proceedings rest upon the same grounds, and must be determined together.

*Reported by Messrs. Florien Giauque and J. C. Harper, of the Cincinnati bar.

6. JURISDICTION—ACTIONS AGAINST NATIONAL BANKS.—Whether an action against a national banking association can be brought only in the federal court within the district, or in a state court within the county or city in which it is located, *quære*.

    *Cadle* v. *Tracy*, 11 Blatchf. 101.

    *Crocker* v. *Marine Nat. Bank*, 101 Mass. 240.

7. PRACTICE—AMENDMENT.—Under what circumstances leave to amend will be refused.

On motion to discharge attachment and demurrer to petition.

*E. P. Bradstreet*, for plaintiff.

*W. H. Mackoy*, for defendant.

SWING, D. J. The action in this case was originally brought by the plaintiff in the court of common pleas of Hamilton county, Ohio, and was, upon petition of the defendant, removed into this court.

The petition in substance alleges that the plaintiff was liable to the defendant as accommodation indorser for A. M. Leathers; that Leathers went into bankruptcy, and by an agreement with the defendant, upon certain consideration, one year's further time from June 5, 1878, was given plaintiff to pay the same; that in violation of the agreement the defendant, on the eighth day of February, 1879, brought suit in the Benton chancery court of Kentucky against the plaintiff, on said acceptance, to recover from him the unpaid balance thereof, viz., $1,939.44, and wantonly and maliciously and wrongfully caused an attachment to be issued in said action against the plaintiff, and caused the same to be levied upon the property of the plaintiff lying and being in the city of Covington, in the state of Kentucky, and garnished sundry people who were indebted to the plaintiff, including the tenants of the plaintiff's real property in said city.

Plaintiff says that said violation of said contract, and said attachment proceedings, have greatly injured his credit and standing as a merchant in this community and elsewhere, and will still more interfere with his business herein before described, and caused him to be damaged in the sum of $100,-000. He therefore prays judgment for $100,000.

Under the statutes of Ohio the plaintiff filed his affidavit, setting forth that he was about to sue the defendant to recover the sum of $100,000 due him on the contract; that the defendant was a foreign corporation, and a non-resident of the state of Ohio, and that the Third National Bank of Cincinnati had money and property belonging to defendant. Upon the filing of this affidavit an order of attachment was issued and served upon the Third National Bank of Cincinnati, who answered that they were indebted to the defendant in the sum of $726.22. The attachment was also served upon the National Bank of Commerce of Cincinnati, Ohio, who answered that they were indebted to the defendant in the sum of $1,323. A summons was also issued, and returned that the defendant was not found.

After the removal of the case into this court the defendant filed his motion to discharge the attachment for the following reasons: (1.) That the defendant is a foreign corporation, and a non-resident of the state of Ohio, and a resident and citizen of the state of Kentucky, and the claim does not arise upon contract, judgment, or decree, nor is it for causing death by a wrongful or negligent act. (2.) Because the attachment was issued contrary to the law in such case made and provided. The statutes of Ohio provide, (section 5521:) "In a civil action for the recovery of money the plaintiff may, at or after the commencement thereof, have an attachment against the property of the defendant upon the grounds hereinafter stated: *First*, when the defendant, or one of the several defendants, is a foreign corporation, or a non-resident of this state." And the latter clause of the section provides: "But an attachment shall not be granted on the ground that the defendant is a foreign corporation or a non-resident of this state for any claim other than a debt or demand arising upon contract, judgment, or decree, or for causing death by a negligent or wrongful act." The defendant in this case is a foreign corporation, and a non-resident of the state, and the sufficiency of the first reason assigned for the discharge of the attachment rests upon the character of the claim upon which this

action is instituted. The petition alleges that there was a contract of forbearance to bring suit for one year on a claim against plaintiff, and that, in violation of the contract, defendant brought suit, and wantonly and maliciously and wrongfully caused an attachment to be issued in the action, which was levied upon the property; that said violation of said contract and said attachment proceedings have very greatly injured his credit and standing, whereby he has been damaged.

The affidavit for an attachment says plaintiff's claim is upon a contract, and the learned counsel in his brief says that the action arises upon a contract, viz., for the violation of a contract; but I confess that I have had great difficulty in determining from the petition the precise character of this action—whether it is an action for the violation of the contract of extension by the bringing of that suit, or whether it is an action for wantonly, maliciously, and wrongfully issuing an attachment in the suit thus brought; whether the allegation in regard to the attachment is to be treated as simply an incident connected with the bringing of the suit, or whether the wrongful issuing of the attachment is the real cause of action. If the former, then the question arises whether the case made by the petition in that respect would be for a claim upon a contract such as is contemplated by the clause of the statute referred to, which authorizes an attachment to issue. If it be an action for wrongfully issuing an attachment, it is very clear that no attachment could issue, for it would not be a claim for a debt or demand arising upon contract.

I have been somewhat at a loss to determine whether the action is the one or the other; but upon a full examination of the petition I have determined that it is not an action for a debt or demand arising upon contract, such as is contemplated by the statute of Ohio, and that, therefore, no attachment could have legally issued against the defendant, who is a foreign corporation. It is, however, provided by section 5242 of the Statutes of the United States that no attachment

shall be issued against a national banking association by a state court before final judgment. But it is contended by the learned counsel for plaintiff that this provision is intended to apply to such associations as were in insolvency, and being wound up. In *Central Nat. Bank* v. *Richland Nat. Bank of Mansfield*, 52 How. (N. Y.) 136, it was held that the provision was general, and applied to all national banking associations. But whether this be the correct construction it is not necessary now to determine, for, under the statutes of Ohio, and for the reasons already assigned, the attachment was issued without authority of law, and must, therefore, be discharged.

To the petition the defendant has filed a general demurrer, stating as a cause therefor that the petition does not contain facts sufficient to constitute a cause of action. The determination of this demurrer must depend upon the cause of action as made by the allegations of the petition. If the petition be regarded as setting forth as the cause of action the violation of the agreement between plaintiff and defendant for an extension of time to plaintiff upon his liability as an indorser by the bringing of an action before the lapse of the time for which plaintiff claims that his liability was extended, then the plaintiff has no cause of action unless he should allege that such suit was brought maliciously. In the absence of malice no damages can be recovered by a defendant who has defeated a plaintiff in a civil suit, as, in the eye of the law, the costs recovered by the defendant in the civil suit will compensate him. *Stewart* v. *Sonneborn*, 98 U. S. 187. On the other hand, if this action be considered, as the court has already treated it in disposing of the motion, as an action for wrongfully and maliciously suing out an attachment, then the plaintiff here cannot maintain his action, as he fails to allege that the proceedings began against him wrongfully, and maliciously have come to end.

It is true that if the attachment can be discharged without regard to the cause of action, then, upon the discharge of the attachment, the plaintiff might maintain an action for wrongfully and maliciously suing out an attachment. Thus, in the

cases reported in 9 Ohio Rep. 103, 104, (*Tomlinson* v. *Warner*,) and 8 Ohio State Rep. 548, (*Fortman* v. *Rottser* and *Webb* v. *Moler*,) the attachments were predicated upon facts independent of and not connected with the cause of action stated in the petition, and the truth or falsity of which could be determined irrespective of the cause of action, so that in both cases the attachments could have been discharged, and still the plaintiffs might have been entitled to judgments upon the claims asserted by them. In this case, however, it is not denied that the plaintiff was a non-resident of Kentucky, and if the bank had a cause of action against McCracken, then McCracken, being a non-resident of Kentucky, the bank had the right, under the laws of Kentucky, upon the commencement of its action in Kentucky against McCracken, to attach his property in that state.

Whether, therefore, such attachment of McCracken's property in Kentucky was wrongful or not cannot be determined until it be determined whether the bank had a cause of action against McCracken.

The plaintiff having failed to allege that the action in Kentucky has come to an end, the demurrer of the defendant to the petition must be sustained. This point has already been decided in the case of *Stewart* v. *Sonneborn*, 98 U. S. 187, cited and relied upon by counsel for defendant.

There is another question which has presented itself to the court, in the examination of this case, which was not argued by counsel in the briefs filed by them, namely, whether the court has jurisdiction over this case. In the cases of *Cadle, Jr.*, v. *Tracy*, 11 Blatchf. 101, and of *Crocker* v. *Marine Nat. Bank of N. Y. City*, 101 Mass. 240, in which section 57 of the act of June 3, 1864, was construed, it was held that a national banking association could be sued only in the federal court within the district in which such association may be established, or in a state court in the county or city in which such association was located.

Whether the law in regard to suits against national banks has been changed by subsequent legislation so that the cases

referred to would no longer be applicable, this court has not considered, inasmuch as it is not necessary to a complete determination of the questions now before the court in this case, the ground first stated being sufficient to sustain the demurrer.

BAXTER, C. J., concurred.

---

Upon an application by the plaintiff for leave to amend his petition—

BAXTER, C. J., said: In the argument it was admitted by counsel for plaintiff that the action, the bringing of which is complained of in the petition, has not been terminated. From the facts admitted, it appears that the plaintiff cannot so amend as to present a cause of action. We regard the action as extremely vindictive in its character. The suit against McCracken in Kentucky was for the sum only of $1,900; it was not alleged that an excessive amount of property had been attached. The attorney for McCracken had just stated, in answer to a question by the court, that his client was worth $50,000 over and above his indebtedness, and we cannot understand how it was possible, under such circumstances, for the plaintiff, McCracken, to have sustained damage in a sum twice as great as his entire wealth. We will, therefore, overrule the motion for leave to amend, and direct a judgment to be entered for the defendant.