## COOPER et al. v. UNITED STATES.

(Court of Appeals of District of Columbia.
Submitted November 2, 1926. Decided
December 6, 1926.)

### No. 4475.

1. **Indictment and information �köö 121(2)—Denial of bill of particulars identifying each piece of property referred to in indictment for larceny held not error.**

Where indictment charged larceny of "three certain articles of wearing apparel for women, commonly known as and called dresses, * * * nine handkerchiefs, * * * and five other handkerchiefs, * * * " *held*, denial of bill of particulars specifying, describing, and identifying each piece of personal property referred to was not error.

2. **Criminal law ⊫671—In prosecution for larceny, admission in presence of jury of evidence tending to show probable cause for arrest without warrant held not error.**

In prosecution for larceny, where state sought to use evidence obtained by search after arrest of defendants without warrant, it was not error for court to admit in presence of jury testimony tending to show probable cause for such arrest, particularly in view of court's charge that it should not be considered as bearing on guilt or innocence of defendants.

3. **Criminal law ⊫736(1)—Credibility and effect of evidence to show probable cause are for jury, though whether facts found constitute probable cause is question of law.**

Generally court should submit to jury question of credibility and facts established by evidence adduced to show existence of probable cause for arrest without warrant, though question whether particular facts constitute probable cause is one of law for the court.

4. **Criminal law ⊫829(21)—Failure to specifically require jury to find value of stolen property held not reversible error, in view of other instructions.**

In prosecution for larceny of three women's dresses, alleged to be of value of $35 each, and certain handkerchiefs, failure of court to specifically require jury to find the value of the property alleged to have been stolen *held* not reversible error, in view of other instructions.

Appeal from the Supreme Court of the District of Columbia.

May Cooper and Helen Spencer were convicted of larceny, and they appeal. Affirmed.

T. M. Wampler, of Washington, D. C., for appellants.

Peyton Gordon and W. H. Collins, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. The appellants, defendants below, were convicted and sentenced in the Supreme Court of the District of Columbia upon an indictment charging the crime of larceny; the property alleged to have been stolen being described in the indictment as "three certain articles of wearing apparel for women, commonly known as and called dresses, each of the value of thirty-five dollars, nine handkerchiefs, each of the value of one dollar, and five other handkerchiefs, each of the value of one dollar and twenty-five cents, of the goods, chattels, and property of one Elsbeth Gillespie."

At the time defendants were first taken into custody, the arresting officer had no warrant against them. They had then in their possession a suit case or bag, which the officer opened and searched, and from which he removed certain articles of personal property. Thereafter officers entered the defendants' home and took therefrom certain other clothing and personal effects.

Prior to the trial below, the defendants filed a petition with the court, praying that all the property be returned to them, alleging, as to that taken from the suit case, that they were not then under arrest or charged with crime, and, as to that taken from their home, that the officers searched the premises without any warrant or legal authority so to do, and took therefrom "clothing and personal effects of the petitioners."

The petition and the government's answer thereto were duly heard, with the result that the property taken from the home was ordered returned; as to that taken from the suit case, the petition was overruled. Also, prior to the trial, the defendants moved that the government furnish a bill of particulars particularly specifying, describing, and identifying each piece of personal property referred to in the indictment. This motion was overruled.

The defendants contend:

[1] 1. That the court erred in denying the motion for the bill of particulars. We know of no statute or rule of practice that compels the granting of such a motion. No authority to that effect is cited. Counsel, however, argues that, because the order for the return was, in effect, a suppression of the use of the returned property as evidence against the defendants, it was vital to them in preparing their defense that they know whether any property seized in their home was included in the description of the personal property mentioned in the indictment.

Inasmuch as that part of the petition for the return of the seized property which was granted alleged that such property was the clothing and personal effects of the defendants, there would seem to be no reason for them to believe that the indictment charged them with stealing that property, or that it would be offered in evidence, or, if received, that it would possess any evidentiary value against them. The fact that it was not actually returned, as argued by counsel, although the record does not affirmatively so show, or if it was not their property, does not alter the case, because the indictment sufficiently describes that which they were charged with stealing. In addition to this, there is nothing in the record that in the least tends to show that the property ordered returned was used in evidence at the trial below. The refusal to grant the motion for the bill of particulars was not error.

[2] 2. At the trial below the defendants offered no evidence. That offered by the government tended to show that the defendants were arrested by the officer as they came out of a certain cafeteria in the city. He said to them, "Girls, we want you to the station;" but whether he then used the word "arrest," or not, the evidence does not definitely show. He took defendants to the police station, where, with the permission of one of them, the suit case was opened and the property represented by Exhibits 1, 2, 3, and 4 taken therefrom; the first three exhibits being each a woman's dress, and Exhibit 4 an envelope containing 14 handkerchiefs, all of which property belonged to, and the evidence tended to show had been stolen by, one of the defendants, they being together from, Elsbeth Gillespie. These exhibits were then offered in evidence by the prosecution, to which defendants' counsel objected, upon the ground that the arrest without a warrant was made without probable cause, and therefore unlawful, which fact, it was apparently argued, rendered the exhibits inadmissible.

The court, in this state of the evidence, held that the exhibits must be excluded, because no cause for making the arrest had been shown. Thereupon counsel on both sides approached the bench, and the attorney for the prosecution indicated certain testimony which he proposed to offer as tending to establish probable cause for making the arrest. The court said, "I think that is sufficient," and directed the prosecution to proceed in the presence of the jury. Thereupon the evidence indicated at the bench was received. It was, in substance, that just before the officer arrested the defendants he had conversations with two persons when the defendants were not present, but concerning them, the purport of which, if believed, tended to show that the defendants were the persons for whom the officer was looking, and who were charged with stealing two dresses, worth about $50 apiece, from a person other than Elsbeth Gillespie, and that, acting upon this information, he went immediately to the place where his informants told him the defendants were, and arrested them, as hereinbefore indicated. One of his informants was positive in her identification of the defendants.

[3] Defendants' counsel objected and excepted to the admission of this evidence; but the objection, so far as the record shows, was not based upon the ground that it should be taken by the court, and should not be heard by the jury. Nor did counsel indicate that he did not propose to introduce evidence to rebut the same.

The general rule applicable to such evidence is stated in Stewart v. Sonneborn, 98 U. S. 194, 25 L. Ed. 116, as follows: "It is, therefore, generally the duty of the court, when evidence has been given to prove or disprove the existence of probable cause, to submit to the jury its credibility, and what facts it proves, with instructions that the facts found amount to proof of probable cause, or that they do not."

In 5 C. J. 419, the rule is stated: "The question of probable cause is a mixed question of law and fact; whether the facts alleged exist is for the jury; whether they amount to probable cause is for the court. Ordinarily the question must be submitted to the jury under proper instructions; but, where the facts are undisputed, it is a question of law whether they constitute probable cause." Sanders v. Palmer (C. C. A.) 55 F. 217; Staples v. Johnson, 25 App. D. C. 155; Mark v. Rich, 43 App. D. C. 182; Argetakis v. State, 24 Ariz. 599, 212 P. 372.

But counsel for defendants seek to bring the case within the exception, mentioned in the above rule, that, if the facts are undisputed, the question of whether probable cause is shown is for the court. The whole conduct of defendants' counsel in the trial below, as shown by the record, however, was such that the court, at the time this evidence was taken, could have had no intimation that its credibility would not be challenged and, as already stated, no objection was made to

the taking of the evidence in the presence of the jury. We hold it was proper for the court to take the course it did.

The charge to the jury covered fully this phase of the case and safeguarded the rights of defendants. Therein, among other things, the jury was clearly told that this testimony was to be considered by them on the question of probable cause only, and not as bearing upon the guilt or innocence of the defendants, and no error is urged to the charge on this subject.

[4] 3. Defendants further claim error, in that there was no proof of value, other than nominal, as to Exhibits 1, 2, 3, and 4, and that the court did not specifically charge the jury that it must find the value of the property alleged to have been stolen. While the court might well in specific terms have directed the jury to find the value of the property, yet the record shows they were told that the charge was for grand larceny, for the theft of property valued in excess of $35; and in the same connection that the government must prove the defendants' guilt beyond a reasonable doubt. Defendants' counsel neither requested the court to go further on this matter in the charge, nor excepted to the charge as given on that subject. As to the claim that there was no legal proof of value, an examination of the record satisfies us that the claim is wholly unfounded.

We find no error, and the judgment below is affirmed, with costs.