Miguel A. Márques Muñoz, Plaintiff and Appellee, v. Carmen Gloria Rivera et al., Defendants and Appellants.

No. 9576. Argued January 20, 1948.—Decided April 30, 1948.

---

*Félix Ochoteco, Jr.* and *Luis E. Dubón* for appellants. *A. Reyes Delgado* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The District Court of Arecibo granted a divorce decree in a suit filed by Rafael A. Márques Muñoz against his wife Carmen Gloria Rivera,[1] on the ground of cruel treatment or grave injuries. Defendant appealed and alleges that the court erred in weighing the evidence, in finding that plaintiff proved that his wife had committed acts of cruelty and grave injuries against him and in overruling the defense set up in her answer as to plaintiff's estoppel to obtain judgment because of his cruel treatment against defendant.

As it may be seen, the three errors assigned tend to impeach the weighing of the evidence introduced by the parties. This evidence was contradictory, not with respect to isolated and unimportant facts but as to the fundamental fact of the ground set up in the complaint, to wit, whether or not it was true that defendant, after having filed and prosecuted an action of divorce against plaintiff herein, in the District Court of San Juan, also on the ground of cruel treatment and grave injuries, and after defendant's default was entered and judgment was rendered in her favor, sought and obtained the annulment of said judgment by alleging in her

---

[1] Luz María Rivera, mother of the wife, was joined as codefendant in the complaint on the ground that the latter was a minor. The plaintiff appellee admits in his brief that the mother was not a necessary party to the action. We agree with him. See §§ 239 and 240 of the Civil Code and *Heirs of De Jesús* v. *Heirs of Castro*, 62 P.R.R. 556. We are referring, therefore, to the wife as the only appellant.

motion and testifying in court that said action of divorce had been filed and prosecuted by her under duress and threats of her husband. The lower court believed the evidence of plaintiff herein to the effect that there had been no such duress and found that the allegations made by the defendant under oath in the District Court of San Juan, constituted a false imputation of having been forced and threatened by the plaintiff to commit perjury, such an action constituting cruel treatment and grave injuries on the part of the defendant against plaintiff. The lower court expressly stated that in the present action the defendant alleged and testified that it was true, that the plaintiff had assaulted and offended her and this presupposes that she acted spontaneously in the District Court of San Juan. Finally, it held that no evidence had been introduced tending to show that plaintiff had in turn offended or abused defendant.

We have carefully read the lengthy transcript of the evidence (204 pages) filed in this case. A study and an analysis thereof have convinced us that the lower court chiefly believed plaintiff's evidence to the effect that he did not force or threaten his wife to file the action of divorce in San Juan, in view of the testimony of Attorney Francisco Susoni Jr., defendant's counsel in said action, but who testified as plaintiff's witness in this case, in the sense that on leaving the District Court of San Juan and realizing that the defendant herein was crying, he asked her if she was not satisfied with the divorce decree; that if there had been any duress he would move for the judgment to be set aside but that she answered in the negative and insisted she wanted the divorce and that at no time did she tell him that her husband coerced her. Upon being examined by the judge he testified that when plaintiff was called to the witness stand at the trial in San Juan she narrated the facts exactly the same as she had done at his office, and that she was not restrained although she did admit that she was annoyed and hurt by her husband.

It was undoubtedly this testimony of Attorney Susoni, corroborating appellee's evidence, which swerved the judge's opinion in favor of appellee's evidence and not of appellant's isolated testimony establishing the duress. In his opinion he said: "It has not been proved to the satisfaction of the court that plaintiff coerced or threatened defendant to file the divorce suit in San Juan although she alleges the contrary; as the attorney who represented the defendant testified at the trial that he dealt exclusively with her and that she went to his office to give him the data without plaintiff being present; that she also brought the witnesses and went to court and testified without showing any restraint or that she was being threatened in any way."

Based on this conclusion, the lower court found that the false allegation made by appellant accusing appellee of having compelled her to file and prosecute the divorce suit in San Juan constituted cruel treatment and grave injury against appellee since such action was tantamount to a charge of subornation of perjury, which is a felony under § 124 of the Penal Code. The court further held that the fact that appellant had demanded alimony from the appellee on the ground that she was pregnant, which never materialized, also constituted cruel treatment.

Accepting the conclusions of fact of the lower court which were based on the weighing of the evidence, as we are generally disposed to do in the absence of manifest error, passion, prejudice or partiality, or in the absence of evidence supporting the same, we are of the opinion that, as a question of law, those facts are not sufficient to grant to the husband a divorce decree on the ground of cruel treatment and grave injuries.

We have decided that when it is the husband who seeks the divorce on that ground, he must present a clearer case of violence or mental suffering which may seriously injure his health, than when it is the wife who seeks the divorce. *Fernández v. Casalduc*, 29 P.R.R. 680, and see *Manich v. Quero*,

38 P.R.R. 83; *Galip* v. *Drag*, 28 P.R.R. 767; *Figueroa* v. *Pierluisi*, 25 P.R.R. 460; *Delgado* v. *Mercado*, 60 P.R.R. 571.

The fact that appellant demanded alimony from her husband on the ground that she was pregnant, which later resulted in naught, cannot by itself constitute cruel treatment or grave injuries, inasmuch as whether she was pregnant or not, the husband was legally bound to support her. Section 144 of the Civil Code. But the truth is that, as a matter of fact, the evidence showed that she believed she was pregnant and went to Dr. Santos, and although the latter did not say with certainty that she was, he did inform her that the symptoms reported by her showed that she might be. The fact that she did not follow his advice of waiting, but instead shortly thereafter informed appellee, through her attorney, that she was, and prayed for alimony on that ground is not, we repeat, ground to uphold the judgment appealed from.

As to the alleged charge of duress, accepting the findings of the court, they are not sufficient either, inasmuch as even if there was not, technically, the use of force or threats on the part of the husband, all the evidence, especially his own testimony, tends to reveal his irresponsible character, a wealthy student, who at all times, since the day that, after having abused her, he married her in order to avoid the intervention of the prosecuting attorney, merely thought of taking her out on certain occasions to different hotels in San Juan, where they slept and later assumed a willing disposition towards the realization of his object, that is the sundering of the marital ties. We say a willing disposition, because the evidence shows that when the complaint was filed, Attorney Susoni called appellee seeking a reconciliation with his wife, but he refused; because the evidence shows that the two witnesses used by her in the suit at San Juan were two friends, classmates and members of the same fraternity as appellee; because the evidence shows that appellee was called by Attorney Susoni to the District Court of San Juan on the day of the trial in order that he should sign a sworn state-

ment to the effect that he was not a member of the Armed Forces, which appellee did, although in the present case he testified that he did not know what he had signed. Other examples of his irresponsibility are disclosed by the record in so many other aspects that they are congruent only with the conclusion that appellee is not a person who may be said suffered any mental anguish whatsoever by the allegations that appellant might have made either at the trial in San Juan or in the present case. The consequence or legal meaning of a specific judicial or extrajudicial action may or may not constitute cruel treatment or grave injury according to the surrounding circumstances of the case, and if the allegation was not made maliciously it is not sufficient to constitute a basis for the ground of divorce. In *Kennerley* v. *Kennerley*, 29 P.R.R. 723, it was averred by the husband that the wife had alleged in two former actions brought by her that her husband had transmitted to her a venereal disease and that said charge was false. We held on page 733:

"The complaint did not set up that these charges were maliciously made. The proof, although objected to by the defendant in regard to the period testified to, tended to show that the charges were false, *and the court so believed, but there was no other proof of malice other than that each time Mrs. Kennerly failed to prosecute her charge.* She said she desisted because she did not want to follow up her charges and wanted her husband to come back to her. She swore to the truth of the charges and her evidence in this regard was admitted by stipulation, the parties agreeing that she would so testify. Charges like these are akin to a prosecution, criminal or civil. Said the Supreme Court of the United States in *Stewart* v. *Sonneborn*, 98 U.S. 187, a much-cited case, 'It is abundantly settled that no suit can be maintained against an unsuccessful plaintiff or prosecutor unless it is shown affirmatively that he was actuated in his conduct by malice or some improper or sinister motive. . . . Notwithstanding what has been said in some decisions of a distinction between actions for criminal prosecutions and civil suits, both cases at the present time require substantially the same essentials.' See also *Paganacci* v. *Lebrón*, 24 P.R.R. 743. In 19 C. J. 51, it is said that ordinarily false charges of adultery made by either the husband

or the wife *maliciously* and without proper cause constitutes legal cruelty. In order, then, to be legal cruelty false charges of adultery or communicating a venereal disease, practically the same thing, *must be shown to be made maliciously. There was no such proof in this case.*" (Italics ours.)

In the instant case plaintiff neither alleged nor proved that the defendant in abandoning her complaint in San Juan on the ground of duress did so maliciously. The evidence rather tends to show that the defendant acted perhaps influenced or pressed by her mother when the latter learned of the divorce decree obtained by her daughter without having been previously informed as to her intention of bringing said action. Although appellant did not need her mother's consent to bring the action of divorce (see footnote 1), we cannot ignore the immense weight that the advices or indications of a mother, whether they be correct or mistaken, generally have on a young girl who has not yet attained her majority.

We think it proper to apply to the facts of this case, as a whole, what we said in *Delgado v. Mercado, supra,* 581: "Under the circumstances of this case, to grant the divorce sought by the husband would be tantamount to rewarding his inconstancy, satisfying his desire to sever the marital ties because he cannot lead his life as he understands it should be led. . ."

The judgment is reversed and another rendered dismissing the complaint with costs.