474

DAVIS, Plaintiff-Appellee, v. TUNISON, Defendant-Appellant.

Ohio Appeals, Tenth District, Franklin County.

No. 5657. Decided December 17, 1957.

Chamblin, Morgan & Hunsinger, David E. Morgan, Paul O. Hunsinger, of Counsel, Columbus, for plaintiff-appellee.

Smith, Clark & Holzapfel, John E. Holzapfel, John R. Welch, of Counsel, Columbus, for defendant-appellant.

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Common Pleas Court rendered upon the verdict of a jury in favor of the plaintiff-appellee for the sum of $2500.00. The action was one for damages for malicious prosecution, the amended petition alleging that "the defendant on the 14th day of March 1952, did falsely and maliciously and without reasonable or probable cause charge the plaintiff before C. E. Wyker, Justice of the Peace of Prairie Township, Franklin County, Ohio, with having unlawfully obtained money from the defendant by false pretenses and with intent to defraud in said township and county."

The petition further alleges the arrest of the plaintiff on said charge, his imprisonment and release on bond; that upon preliminary hearing he was ordered held for action by the grand jury which returned a no bill against him; that he was humiliated and disgraced by reason thereof and incurred expense of $600.00 in the employment of counsel in defending himself and additional costs necessary and ap-

475

purtenant to the defense of the case; that by reason thereof he has been damaged in the sum of $10,000.00 for which judgment is sought to be recovered.

The answer of the defendant admits the filing of the affidavit as alleged. It avers further that he had good cause to believe that the plaintiff had committed the offense as charged, that the justice of the peace so found and ordered the plaintiff bound over to the grand jury He further denied every allegation of the petition not specifically admitted to be true.

Upon the issues joined a jury trial was had and a verdict returned in favor of the plaintiff upon which judgment was duly entered.

The record reveals that during the months of July and August, 1951, the plaintiff was employed as a mail carrier for the United States Government and was also engaged in part time work for Borden & Company; that it was the custom of Borden's to pay their employees by checks which were made out at the office and presented to the employees when called for; that when the plaintiff called for his check for July 31, 1951, it could not be found; so he was issued a duplicate which was in the same amount, for $34.05, and payment was ordered stopped at the bank on the original. In November, 1951, this lost check was cashed at the defendant's place of business, a filling station on West Broad Street, and payment was refused at the bank in accordance with Borden's stop payment order. This check appeared regular with the name of the plaintiff Robert V. Davis endorsed thereon. The defendant thereupon had the plaintiff contacted for reimbursement on the check but the plaintiff denied the signature and after so doing he signed an affidavit in which he swore that his signature thereon was a forgery; that he had not received the proceeds of the check nor any part thereof.

The defendant made several efforts to have the plaintiff come to his place of business for the purpose of identification by his several employees, one of whom might have cashed the check, but this the plaintiff failed to do. The check and forgery affidavit were submitted to a Mr. Hugh Leggett, a handwriting expert, for the purpose of examining and comparing signatures. Mr. Leggett was called as a witness by the defense and testified that it was probable and possible that the signatures were the same. The false pretense affidavit was filed on March 14, 1952, which was some time after Mr. Leggett's report and upon which it appears the defendant relied, as the defendant had no proof at this time that the plaintiff had ever been at his station and cashed the said check.

We find no proof in the record of any actual malice toward this plaintiff; hence any found to exist must be inferred because of the lack of probable cause for the filing of the affidavit. It is first urged that the court erred in its general charge to the jury[1] on the issue of damages. In its general charge on this issue the court said:

"Now, if you find that the plaintiff has proven by a preponderance of the evidence that the defendant acted without probable cause, and maliciously, the plaintiff is entitled to recover at your hand a verdict in such an amount as would compensate him for the damages which

the evidence shows by its preponderance he has sustained. He would be entitled to recover for the expense he was put to in defending himself against the charge preferred in the Justice of the Peace Court. He would be entitled to, and included in that would be the attorney fees and other expenses, and he would also be entitled to recover a reasonable attorney fee for the prosecution of this action. And if you find further that the defendant acted with actual malice, that is, with ill-will and vengeance, then you have a right to add to the compensatory damages what we call exemplary damages or punitive damages, as a punishment for a wrongful deed done maliciously, actually maliciously and without probable cause."

The part of the charge objected to is that pertaining to the inclusion of "reasonable attorney fee for the prosecution of this action" as a part of the compensatory damages should the jury find that the defendant acted without probable cause. It is urged that the general rule is that the expense of counsel fees in such a case is no part of the damage caused to the plaintiff by the defendant and no recovery for such an outlay may be had. Citing 34 Amer. Jur. 762; Stewart v. Sonneborn, 98 U. S. 187; 15 Amer. Jur. Damages, Section 143. Our examination of the Ohio authorities reveals that there has been a modification of this rule to the extent that such counsel fees may be recovered when the wrong that has been perpetrated involves the elements of fraud, malice or wilful misconduct. The award appears to be made on the theory that in such cases punitive or exemplary damages may be allowed if the jury sees fit to do so. **Empire Finance Co. v. Elliott, 6 Abs 497.**

In **25 O. Jur. 956, Section 81,** the following statement seems to be appropriate to our factual situation:

"* * * It is held in other jurisdictions that the expense of counsel fees in the action for malicious prosecution itself is no part of the damage caused by the defendant, and the plaintiff cannot recover for such outlay. In Ohio, however, under the rule that in an action for a tort involving fraud, malice, or insult, proper for the recovery of exemplary damages, but in no other, the jury may, in their estimate of compensatory damages, take into consideration, and include, reasonable fees of counsel employed by the plaintiff in the prosecution of his action. the jury may include reasonable counsel fees for the prosecution of the plaintiff's action for damages for the malicious prosecution in its estimate of compensatory damages in all cases where punitive damages may be awarded, that is, where actual malice is present."

In **Warth v. Hyman, 70 Oh Ap 461,** the court held that punitive damages may always be incidental or ancillary to a suit for malicious prosecution. The very gist of the action is malice, either legal or actual

In **Curls v. Lenox Garage Co., 68 Oh Ap 285,** the court held that in a malicious prosecution action if the jury believed that there was insufficient investigation and that the arrest of the plaintiff for larceny was to accomplish a private end and not connected with the public good, that would be sufficient to indicate "malice" in the larceny prosecution and to entitle plaintiff to punitive damages.

In **Smithhisler v. Dutter, 157 Oh St 454,** the court approved of the following charge which is quite similar to the one in our case, to wit:

"Punitive or exemplary damages are damages given by way of punishment of the defendant for a wrongful act, and are given when the act complained of which results in injury, was prompted by malice, and this includes a reasonable attorney fee for conducting the prosecution.

"Hatred, ill will, or actual malice toward the injured party is not a necessary ingredient of legal malice as applied to torts, nor is it necessary that the act complained of proceed from a spiteful, malignant, or revengeful disposition. If it be wrongful, unlawful and intentional, and the natural and probable result of the act is to accomplish the injury complained of, malice is implied."

In the cited case the court discusses the various cases in which the rule has been developed in this state and announces the same to be as follows:

"There is a division in the authorities as to whether there must be actual malice upon the part of a defendant or merely legal malice in order to justify punitive damages. 15 American Jurisprudence, 718, 719, 720, Section 280; 16 A. L. R., 808; 123 A. L. R., 1122.

"The rule in Ohio seems to be that ordinarily, in tort actions, punitive damages are allowable in cases in which fraud, malice or insult appears, that such damages may be allowed even though the defendant may have been punished criminally for the same wrong, and that reasonable counsel fees for the prosecution of the action may be included therein. Roberts v. Mason, 10 Oh St 277; Saberton v. Greenwald, 146 Oh St 414, 66 N. E. (2d), 224, 165 A. L. R., 599."

It is therefore our conclusion that the trial court did not err in its charge to the jury and this assignment of error is not well taken.

It is next urged that the court erred in overruling the defendant's motion for a judgment after the verdict, and that the same is not supported by sufficient evidence, is excessive and contrary to law. We are of the opinion that the record supports the finding of the jury and that the same was made in accordance with law.

Finding no error in the record, the judgment will be affirmed.

PETREE, PJ, BRYANT, J, concur.