**LEW F. STILWELL, INC., a Corporation, and United Pacific Insurance Co., a Corporation, Appellants,**

**v.**

**UNITED STATES to the Use of AIR HANDLER, INC., a Corporation, Appellee.**

**No. 20151.**

United States Court of Appeals
Ninth Circuit.

March 25, 1966.

N. E. Youngblood, Beverly Hills, Cal., for appellants.

Fred H. Almy, San Bernardino, Cal., for appellee.

Before BARNES, HAMLIN and ELY, Circuit Judges.

HAMLIN, Circuit Judge.

On May 18, 1962, appellant Stilwell entered into a prime contract with the Department of the Air Force for the total construction of a building. Appellant United Pacific Insurance Co. furnished a bond, in accordance with the requirements of the Miller Act, providing that Stilwell or United Pacific would pay for any labor or materials supplied in the prosecution of the prime contract. On May 31, 1962, Stilwell subcontracted with appellee Air Handler, Inc. to do certain

air conditioning, plumbing and sheet metal work to be done on the building which was the subject of the prime contract. Appellee did work on the construction pursuant to the subcontract but ceased work prior to the completion of its portion under the subcontract. Of the total subcontract price of $103,344.84, appellee was paid all of it except $34,144.06 which Stilwell refused to pay. On May 6, 1963, appellee instituted this suit to collect the unpaid sum and interest and attorney's fees. Appellants answered denying appellee's right to recover and counterclaimed for $100,000.00 as damages arising out of appellee's alleged breach of contract. The district court's jurisdiction was invoked pursuant to the Miller Act, 40 U.S.C. §§ 270a–270d. This court has jurisdiction under 28 U.S.C. § 1291.

The court below held that appellee had not abandoned the contract and that appellee had substantially performed which entitled it to recover the unpaid portion of the contract price less appellants' reasonable expenses incurred in completing appellee's work. After deducting $1,000.-00 for appellants' cleaning up expenses and $5,167.24 as the reasonable cost of completing the subcontract (this estimate, which is five per cent of the total subcontract price, was made on the basis of appellants' construction superintendent's testimony that the work was approximately 95 per cent complete when appellee left the job site) from the unpaid sum, the court added reasonable attorney's fees of $1,500.00 in accordance with the terms of the contract. Appellee's total recovery is $29,478.82 plus seven per cent interest per annum on the total sum excluding attorney's fees. We affirm the district court's judgment.

■ Appellants' contention that appellee is not entitled to recovery because appellee breached the contract and did not fully perform is without merit. There is nothing in appellants' brief or in the record to contradict the district court's finding that appellee did not abandon the contract. Furthermore, the record justified the application of the "substantial performance doctrine." 3A Corbin on Contracts §§ 700–712 (1960) ; 12 Cal.Jur. 2d § 221.

■ Appellants' next contention is that appellee's suit is premature. The contract does not obligate the prime contractor to pay the subcontractor until the prime contractor has been paid by the owner. The suit was instituted on May 6, 1963, and the appellants allege that the prime contractor received final payment on August 17, 1964. The district court held that final payment was made prior to May 6, 1963, on or about December 2, 1962. We have examined the record and conclude that this finding is amply supported.

■ The appellants also allege error in the district court's failure to credit them with certain expenditures allegedly made by the prime contractor in completion of the subcontract, the most significant of which was $18,030.00 spent for concrete footing. Appellants offer no argument to support their contentions. The contract, on its face, does not indicate that the appellee was to provide the concrete footing; therefore, the district court's finding that appellee was not liable for this expenditure is affirmed. We have examined the record and conclude that the district court's findings limiting appellants' deductions for expenditures to complete appellee's work to five per cent of the total contract price and $1,-000.00 are not clearly erroneous.

■ The appellants allege that it was error for the district court not to allow evidence on the cross-complaint for alleged damages sustained by Stilwell as a result of appellee's failure to perform. The damage specifically alleged was Stilwell's inability to obtain other performance bonds as a result of this suit. The short answer to this contention is that the court did not refuse to admit any competent testimony offered by appellant on this subject, and there is no such competent testimony in the record. Since the district court held that the appellee did not abandon the work and since the appellee can not be liable for consequential damages resulting from the institution

of a meritorious law suit, there was no error in the district court's disposition of the cross-complaint. Cf. Shepherd v. Constructora, S.A., 220 F.2d 1 (9th Cir. 1954); Vesper v. Crane, 165 Cal. 36, 130 P. 876, L.R.A.1915A, 541 (1913).

We have examined appellants' other contentions and conclude that they are without merit. The judgment of the district court is affirmed.